## UNITED STATES v. KERPER et al.

District Court, E. D. Pennsylvania. Dec. 27, 1928.

No. 2865.

Charles Denby, Jr., Asst. U. S. Atty., and G. W. Coles, U. S. Atty., both of Philadelphia, Pa., and E. G. Davis, Sp. Asst. Atty. Gen., for the United States.

Charles I. Thompson and Frederic L. Ballard, both of Philadelphia, Pa., for defendant Norris.

KIRKPATRICK, District Judge. ██
In the indictment the defendant Norris was charged in two counts with conspiring with Kerper, the other defendant, to transport liquor in violation of (a) the National Prohibition Act (27 USCA); and (b) of section 240 of the Criminal Code (18 USCA § 390). Kerper pleaded guilty, and Norris, with leave of court, entered a plea of nolo contendere. After plea, evidence in the form of an agreed stipulation of facts was submitted for the information of the court in determining what sentence, if any, ought to be imposed upon the defendant Norris. This involves a consideration of whether the things which the government agrees that the accused has done constitute the crime charged. While the plea of nolo contendere raises no issue of law or fact under the indictment, the evidence, consisting of the stipulation of facts, will be received and made part of the record for the limited purpose above stated.

Summarized, the stipulated facts are as follows: Norris was a banker and resided in New York; Kerper was a bootlegger and had his residence and base of operations in Philadelphia. From time to time, Norris by telephone ordered whisky from Kerper in Philadelphia. Twelve different orders were given, covering a period of over a year. Upon receiving each order, Kerper sent the whisky ordered by express from Philadelphia to Norris in New York, in packages disguised as paint, ink, olive oil, etc. The liquor was paid for by Norris from time to time, and was drunk by him and his guests. He did not sell or intend to sell any of it, nor did he take any part in its transportation, other than as above stated.

██ We agree that the mere purchase of liquor is not an offense under the National Prohibition Act, and that the purchaser cannot be convicted of aiding and abetting the sale. Further, we will assume, without deciding, that, where there is nothing in the case but a simple sale, the purchaser cannot be convicted of conspiring with the seller to make the sale, though it may be noted that the Supreme Court in U. S. v. Katz, 271 U. S. 354, 46 S. Ct. 513, 70 L. Ed. 986, went no farther than to say that such an indictment would be of doubtful validity.

██ It does not follow, however, that, where transportation is required by the agreement, there may not be an indictment of the buyer and seller for conspiracy to transport, even though what is contemplated is simply the delivery of the thing sold. Transportation of intoxicating liquor is made a distinct substantive offense by the act. It is not necessarily involved in every sale. Even if it be conceded that in order to constitute a sale of an illegal commodity, as to which the law recognizes no such thing as title, there must be more than a bare contract to transfer ownership, and that no sale, as that term is used in the act, can be effected without a change of possession (i. e., actual rather than constructive delivery), still there are many ways in which such change of possession can take place without transportation. For example, the bootlegger might, without any previous understanding, or even knowledge, on the part of the other party, bring the liquor to the customer's house, sell it to him, and leave it there, or there might be a sale of liquor together with the premises on which it was stored, followed by the seller's moving out and the purchaser's moving in. Hence the rule which forbids indictments for conspiracy in that class of crimes which cannot be committed except by the agreement of two parties is not to be extended to the transportation of liquor even though it may be incident to a sale. The dictum of the Supreme Court in U. S. v. Katz, supra, to the effect that the embarrassment caused by that rule "could be avoided * * * only if the buyer and seller were charged with conspiring to commit a substantive offense having an ingredient in addition to the sale, not requiring the agreement of two persons for its completion," is plainly applicable to an indictment for conspiracy to transport.

██ The connection of the defendant Norris with the illegal transaction was decidedly more than that "degree of cooperation that would not amount to a crime," referred to by Justice Holmes in U. S. v. Holte, 236 U. S. 140, 35 S. Ct. 271, 59 L. Ed. 504, L. R. A. 1915D, 281. Of course, mere knowledge that a crime is about to be committed by another does not make the inactive party a conspirator, nor will awareness, coupled with acquiescence and possibly expressed approval and encouragement, have that result. But, in respect of the transporta-

tion, Norris did far more than know and acquiesce. He also did more than merely let Kerper know that he was in the market for liquor. By his repeated orders for whisky, telephoned from New York to Philadelphia, he became party to an agreement which required Kerper to transport the liquor, and he promised to pay him for doing it. Thus he not only solicited but bound Kerper, by such obligation as the character of the transaction permitted, to commit the offense. As was pointed out in U. S. v. Holte, supra, the word "commit," in the conspiracy statute, means no more than "bring about." It is beyond all question that the purpose and intent of the agreement was to bring about the transportation of the liquor from wherever it may have been to Norris's home.

The conclusion is (1) that a conviction may be had of a buyer and seller of liquor for conspiracy to transport liquor, in a case where the agreement is that the delivery of the liquor sold is to be effected by transportation from the seller to the buyer; and (2) that an order by a purchaser to a bootlegger, located at a distance, to deliver liquor, followed by transportation, delivery, and payment, is sufficient evidence of such an agreement. What has been said applies with equal, if not greater, force to the second count of the indictment.

It is the clear intent of Congress that the punishment for transporting liquor shall be by fine only. In this case the conspiracy element adds nothing by way of aggravation. The sentence imposed should not exceed that which would follow a conviction for transportation only.