Herman GURWITZ, Plaintiff,

v.

Meyer SINGER et al., Defendants.

Florian LUBANSKI, Plaintiff,

v.

Meyer SINGER et al., Defendants.

John KISSELOFF, Plaintiff,

v.

Meyer SINGER et al., Defendants.

Fred GALERKIN, Plaintiff,

v.

Meyer SINGER et al., Defendants.

Joseph A. RICCA, Plaintiff,

v.

Meyer SINGER et al., Defendants.

Nos. 1356–59, 1219–60, 1130–61, 1131–61, 1132–61.

United States District Court
S. D. California,
Central Division.

May 23, 1963.

Joseph P. Kelly, Jr., W. Alan Thody, Los Angeles, Cal., for plaintiffs.

Brundage, Hackler & Flaum, Los Angeles, Cal., for defendants.

WESTOVER, District Judge.

CASE NO. 515–59

On May 27, 1959 the United States of America commenced a civil action in this court against Los Angeles Meat and Provision Drivers Union, Local 626, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Meyer Singer; Lee Taylor, Hubert Brandt; Walter Klein, and Harold Karlis under § 1 of the Sherman Act (15 U.S.C. § 1). The case was assigned No. 515–59 WB.

On March 23, 1961, subsequent to pretrial proceedings, a stipulation of facts was filed in the action, which stipulation provided, in part, as follows:

"IT IS FURTHER STIPULATED * * *; that the activities of defendants and their co-conspirators, as alleged in paragraphs 26 and 27 of the complaint and as described in the facts hereinbefore admitted, constitute a direct, substantial, and unreasonable restraint upon and interference with foreign trade and commerce in yellow grease; and that the defendants unlawfully combined and conspired in unreasonable restraint of foreign trade and commerce in violation of Section 1 of the Sherman Act.

\* \* \* \* \* \*

"IT IS FURTHER STIPULATED that the Court may make findings of fact and conclusions of law

on the basis of the foregoing admissions, and that the Court may enter judgment that the defendants have violated Section 1 of the Sherman Act as charged in the complaint.

"IT IS FURTHER STIPULATED * * * that the plaintiff is entitled to relief in this action and that the Court may enter a final judgment or decree * * * of the general nature as that sought in paragraphs 2 and 3 of the prayer of the complaint.

"The effect of the admissions by defendants * * * is limited to this action only, and said admission is for the purpose of this action only, and neither constitutes an admission by defendants * * * against defendants in any other proceeding.

"IT IS FURTHER STIPULATED that the sole remaining issue in this case is whether the decree to be entered by the Court herein should embody relief * * * relating to termination of the membership of peddlers in defendant Union and their participation in affairs of said Union."

Subsequent to the filing of the stipulation, the Court filed its findings of fact, conclusions of law, and a final judgment, which judgment provided in part that Union membership of independent businessmen should be terminated. (United States v. Los Angeles Meat & Provision Drivers Union, etc., D.C., 196 F.Supp. 12). The defendants appealed to the Supreme Court of the United States upon the single ground that the district court was in error in ordering termination of Union membership of independent businessmen. The Supreme Court affirmed the district court. (Los Angeles Meat, etc., Drivers, etc. v. United States, 371 U.S. 94, 83 S.Ct. 162, 9 L.Ed.2d 150).

### CASES AT BAR

The five plaintiffs now before this court filed actions (1356-59, 1219-60, 1130-61, 1131-61 and 1132-61) which have been consolidated for trial. Each plaintiff alleges that the combination and conspiracy which was the subject of 515-59, supra, caused him damage. Plaintiffs now wish to use the findings of fact, conclusions of law and judgment entered in 515-59 to establish the antitrust violation, as provided in 15 U.S.C. § 16, which states:

"(a) A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title."

In the cases at bar defendants contend the judgment rendered in 515-59 is a Consent Decree and, consequently, cannot be used by plaintiffs to establish a prima facie antitrust violation. It appears, however, that there is a distinction between a judgment rendered upon a stipulation of facts (as in 515-59, supra) and a consent decree. 49 C.J.S. Judgments § 173, p. 308 states:

"A judgment by consent of the parties is *a judgment the provisions and * terms of which are settled and agreed to by the parties to the action* in which it is entered, and which is entered of record by the consent and sanction of the court; * * *. A consent judgment is not a judicial determination of any litigated right, and it is not the judgment of the court, except in the sense that the

---

* Emphasis supplied.

court allows it to go upon the record and have the force and effect of a judgment; it is merely the act of the parties consented to by the court.

"Consent to entry of judgment implies that the terms and conditions have been agreed on and consent thereto given in open court or by stipulation * * *. A judgment by consent is to be distinguished from one rendered on an adjudication actually made by the court after due consideration and investigation, as following verdict or findings * * *."

In 515–59, supra, certain facts were agreed upon and then presented to the court; and the parties thereupon agreed that, using the facts contained in the stipulation as a basis, the Court "may make findings of fact and conclusions of law * * *, and that the Court may enter judgment that the defendants have violated Section 1 of the Sherman Act," as alleged in the complaint.

■ The findings in 515–59 determined that the conspiracy continued to the filing of the judgment in the action. The stipulation of facts does not contain a termination date of the conspiracy. And another fact not stipulated to, which was left for the Court's determination, related to membership of peddlers in the Union and their participation in Union affairs. This Court does not deem the judgment or decree filed in 515–59 to be a consent judgment or decree.

Only one case has been found in which the initial action was presented on an agreed statement of facts—Ethyl Gasoline Corp. v. United States, 309 U.S. 436 at 446, 60 S.Ct. 618 at 620, 84 L.Ed. 852. In a subsequent private civil action the Court ruled that the judgment rendered by the lower court was not a consent judgment. Ulrich v. Ethyl Gasoline Corporation, 2 F.R.D. 357—Western District of Kentucky (1942).

As hereinbefore set forth the stipulation in 515–59, supra, provided the admissions therein contained were limited to that action only and that such admissions by defendants could not be used for any other purpose against the defendants in any other proceedings. Defendants in the cases at bar now contend the above stipulation precludes use in the cases at bar of the findings of fact, conclusions of law and judgment entered in 515–59. As authority they cite the Ulrich case, supra, in which the Court says, 2 F.R.D. at page 359:

"* * * Defendant now contends that the decree in the government's suit is not an estoppel between the parties thereto because the facts were agreed to solely for the purpose of that suit. Upon reconsideration of this question in the light of the present argument the court feels defendant's contention is well taken. The facts * * * were not adjudicated or proven but on the contrary were assumed to exist for the purpose of that suit only. I believe * * * the decree should not be carried any further than its express terms providing the judgment was accordingly not an estoppel between the parties, which means it was not admissible against the defendants in this action."

Plaintiffs in the cases at bar were not participants in 515–59, supra, and had no part in that action whatsoever. The stipulation heretofore referred to may have been brought to their attention, if at all, only in the actions at bar. This Court is loath to conclude that such a stipulation could deprive plaintiffs of a statutory right granted to them by Congress.

Title 15, U.S.C. § 16, provides:

"A final judgment or decree * * shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant * * *, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken * * *."

Had Congress wished to include within the exclusionary provisions of § 16 judgments rendered after stipulations upon which findings of fact and conclusions of law were based, it could very easily have done so. It would seem to this Court that this is a matter of legislation and not one for judicial fiat.

On October 15, 1914, Chapter 323 was adopted (38 Stat. 730). Section 5 of the Act provided that a final judgment or decree " * * * hereafter rendered in any criminal prosecution or in any suit or proceeding in equity brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: * * *." And in 1955 an Amendment was adopted (69 Stat. 283) to enlarge the scope of the section.

Ethyl Gasoline Corporation v. United States, supra, was decided by the Supreme Court on March 25, 1940; Ulrich v. Ethyl Gasoline Corporation, supra, was decided February 5, 1942. In 1955 when Congress amended Section 5 it certainly had cognizance of judgments rendered upon stipulated facts; and if Congress had desired to exclude this type of judgment, along with consent decrees or consent judgments, it could very easily have incorporated language of exclusion in the amendment.

Inasmuch as there is a clear distinction between consent decrees and decrees rendered upon findings and conclusions based upon stipulated facts, it must be assumed that Congress deliberately eliminated from items to be excluded judgments or decrees rendered pursuant to findings of fact and conclusions of law based on stipulated facts.

In Twin Ports Oil Co. v. Pure Oil Co., et al., 26 F.Supp. 366 at page 378, the Court said:

" * * * It [the statute] contemplates a judgment which in effect is tantamount to a finding that there has been a violation of the Sherman Anti-Trust Act. * * *"

The judgment in 515–59, supra, was rendered after the stipulation of facts had been entered into. In United States v. Kerper, D.C.3, 29 F.2d 744, a stipulation of facts was regarded as testimony. And in United States v. Norris, 281 U. S. 619, 50 S.Ct. 424, 74 L.Ed. 1076, the Supreme Court approved the position taken by the lower court which treated such a stipulation as evidence.

 It is our opinion that plaintiffs in the cases at bar have the right to use the findings of fact, conclusions of law and judgment filed and entered in No. 515–59, supra, to establish a prima facie case of violation by defendants of the antitrust laws of the United States, and

It is so ordered.