**SAGER GLOVE CORPORATION v.
BAUSCH & LOMB OPTICAL
CO. et al.**

**No. 8738.**

Circuit Court of Appeals, Seventh Circuit.

May 3, 1945.

Rehearing Denied June 1, 1945.

Meyer Abrams, of Chicago, Ill. (Shulman, Shulman & Abrams, of Chicago, Ill., of counsel), for appellant.

James F. Oates, Jr., and Gerhardt S. Jersild, both of Chicago, Ill. (Sidley, Austin, Burgess & Harper, of Chicago, Ill., of counsel), for appellee American Optical Co.

James H. Winston and Laurence Barasa, both of Chicago, Ill. (Winston, Strawn & Shaw, of Chicago, Ill., of counsel), for appellee Bausch & Lomb Optical Co.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The plaintiff-appellant filed an amended complaint in three counts. In the first count it alleged violations of sections 1, 2 and 3 of the Sherman Act.[1] In the second count it charged violations of the Clayton Act[2] and in the third count, violations of the Robinson-Patman Act.[3] The defendants separately filed motions to dismiss each count, motions to strike, and

[1] 15 U.S.C.A. §§ 1, 2, 3.
[2] 15 U.S.C.A. §§ 13, 14, 15, 16.

[3] 15 U.S.C.A. § 13a.

2

motions for severance. The District Court sustained the motion to dismiss on the ground that the amended complaint failed to state a claim upon which relief could be granted,[4] and the plaintiff, having elected to stand on its amended complaint, the District Court entered judgment dismissing the amended complaint. From this judgment the plaintiff has appealed.

The plaintiff abandoned the second and third counts in its brief, and the judgment as to them will be affirmed. It is the plaintiff's contention that the first count of the amended complaint states a claim upon which relief may be granted. It contends that under Rule 8(a) (2) of the Federal Rules of Civil Procedure, the requirements are to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff states the rule correctly, but the amended complaint violates it in every particular. The first count of the amended complaint, which will be referred to hereafter as the complaint, is neither a short nor a plain statement. It is verbose, prolix, contradictory and confusing.

After much study and consideration of the complaint, and after eliminating the surplusage and immaterial portions, we find that the plaintiff has alleged these facts: that the plaintiff is a corporation organized and existing under the laws of Illinois and is engaged in the manufacture, among other things, of industrial goggles to protect the eyes of industrial workers from flying particles; that the Bausch and Lomb Optical Company, hereafter referred to as Bausch and Lomb, is a corporation organized and existing under the laws of New York, and is engaged, among other things, in the sale and manufacture of unpatented lenses used in the manufacture of industrial goggles, and was the only source of supply for said lenses that the plaintiff had; that the defendant, American Optical Company, hereafter called American, is a Massachusetts trust, and there is also a Massachusetts corporation of the same name, so that the corporation may be used in those states where the trust is not legal; American makes lenses as well as finished goggles; and both defendants sell and distribute their products in interstate commerce. The plaintiff alleged that in 1931 Bausch and Lomb agreed to furnish lenses to the plaintiff. Plaintiff advised Bausch and Lomb of its purpose to manufacture a cheap industrial goggle and then proceeded to establish and develop the business of manufacturing industrial goggles. The defendant Bausch and Lomb furnished lenses to the plaintiff until 1935 when, plaintiff alleged, American threatened Bausch and Lomb with a trade war in lenses of all kinds unless the selling of industrial lenses to the plaintiff was stopped, and because of these alleged threats, Bausch and Lomb refused to sell any more industrial lenses to the plaintiff. According to plaintiff's allegations, this refusal was the result of a conspiracy between Bausch and Lomb and American to monopolize and restrain trade among the several States, by agreeing to establish, fix and maintain, and by establishing, fixing, and maintaining, arbitrary, unreasonable, uniform and noncompetitive prices for the sale of lenses when used and sold for the manufacture and sale of goggles. The defendants, because of their dominating position and because they own and control a large number of wholesale outlets in the United States, have been the chief actors in conceiving, formulating, and executing the conspiracy, combination, restraint and price fixing arrangements. The plaintiff alleged that the aim and purpose of the defendants is to monopolize for themselves and for their own agencies and distributors the manufacture and sale of industrial goggles, and since October 16, 1935, the defendant Bausch and Lomb, has refused to sell any industrial lenses to the plaintiff and still refuses to do so because of its combination and conspiracy with American Optical Company. The plaintiff alleged items of damage resulting from this conspiracy.

The defendants contend that, since the plaintiff alleges that Bausch and Lomb refused to sell lenses to the plaintiff because of threats from American, there was coercion, and not conspiracy. There might be something to the defendants' contention if that had been the extent of the plaintiff's allegations of conspiracy. Johnson v. J. H. Yosh Lumber Co., 8 Cir., 117 F.2d 53, 61, 62; United States v. Saglietto, D.C., 41 F.Supp. 21, 33. But that was alleged as only a part of the conspiracy. The plaintiff went on to allege an agreement in restraint of trade and for the purpose of monopolizing trade in industrial goggles by price fixing arrangements between the defendants. We do not think the allegations of coercion of Bausch and Lomb by American are ma-

---

[4] Federal Rules of Civil Procedure, rule 12(b) (6), 28 U.S.C.A. following section 723c.

terial to the conspiracy and we have treated such allegations as surplusage.

The plaintiff alleged in its complaint: "The United States of America commenced a Civil Action against the defendants, American Optical Company and Bausch and Lomb, and others, on September 16, 1940, in the District Court of the United States for the Southern District of New York, being Civil Action No. 10-391, which contained the allegations set forth above with reference to violation of Sections 1, 2 and 3 of the Sherman Act, as set forth in Paragraphs 19 to 25 inclusive, except as to such matters which refer to the plaintiff specifically, which action is still pending. On October 21, 1942 an order was entered on stipulation of the parties adjourning the case for the duration."

Throughout the complaint, the plaintiff followed the allegations of that New York complaint, inserting other allegations that pertained to the plaintiff's situation. The defendants attached to their motion to dismiss a copy of the New York complaint which charged the defendants and others with a conspiracy in restraint of trade and an attempt to create a monopoly in "opthalmic goods" by the use of patents and licensing agreements under the patents, and defined "opthalmic goods" in the complaint as "frames or parts thereof and lenses used in glasses and spectacles."

The defendants intended to show that the New York suit applied only to patented articles and to "glasses and spectacles" which required fitting, while the plaintiff was engaged in the manufacture of industrial goggles, using only unpatented frames and lenses which required no fitting. In short, defendant maintained that the plaintiff had followed the New York complaint which charged a conspiracy in an entirely different line of goods, and that the plaintiff's allegations just were not true.

The plaintiff did make many averments in its complaint about a conspiracy by the defendants in opthalmic goods without defining opthalmic goods, and referred to patents and licensing agreements under the patents used in furthering the conspiracy in opthalmic goods. These allegations were wholly foreign to the plaintiff's claim for relief. However, the plaintiff did not stop with such averments. It went ahead and charged the conspiracy in restraint of trade and an attempt to create a monopoly in industrial goggles which was not covered by the New York suit.

■ Neither the plaintiff's reference to the suit in New York, nor its averments with reference to opthalmic goods which were the subject of that suit, had any place in the plaintiff's complaint. Reference to the complaint in said suit by the defendants likewise had no place in the motion to dismiss. The plaintiff had sued on a different claim. It is difficult to see how either party could avail themselves of the New York suit which had not reached decree or judgment, but was lying dormant until after the war.[5]

The plaintiff is in the industrial goggles business. It uses unpatented lenses in their manufacture. It has alleged that the defendants conspired to restrain trade and create a monopoly by price fixing, and that such business is in commerce, and that such conspiracy injured the plaintiff in its business. All the allegations concerning other articles in which the plaintiff is not interested are immaterial. The plaintiff's case is confined to the alleged conspiracy and monopolistic practices in industrial goggles which injured the plaintiff in its business.

■ We think, after a generous pruning of the surplus and immaterial matter from the plaintiff's complaint, there still remains enough to state a claim upon which relief

---

[5] See 15 U.S.C.A. § 16. "A final judgment or decree rendered in any criminal prosecution or in any suit or proceeding in equity brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, This section shall not apply to consent judgments or decrees entered before any testimony has been taken.

"Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

might be granted, and the motion to dismiss as to the first count should have been overruled.

The judgment of the District Court is reversed with directions to overrule the motion to dismiss as to the first count and to proceed as the court may be advised in view of this opinion.