**STATE OF ILLINOIS et al., Plaintiffs,**

v.

**SPERRY RAND CORPORATION et al.,
Defendants.**

No. 64 C 1549.

United States District Court
N. D. Illinois, E. D.

Jan. 13, 1965.

William G. Clark, Atty. Gen. of Illinois, Lee A. Freeman, Sp. Asst. Atty. Gen., Chicago, Ill., for plaintiffs.

Richard K. Decker, Lord, Bissell & Brook, Chicago, Ill., Daniel Margolis and Donald Green, Bergson & Borkland, Washington, D. C., for defendant Sperry Rand Corp.

Harold W. Norman and Ralph Miller, Norman, Engelhardt, Zimmerman, Franke & Lauritzen, Chicago, Ill., Wayne Stichter, Eastman, Stichter, Smith & Bergman, Toledo, Ohio, for Globe-Wernicke, Inc.

Edward H. Hatton and Howard R. Barron, Raymond, Mayer, Jenner & Block, Chicago, Ill., for Hamilton Mfg. Co.

Theodore A. Groenke and Frank M. Covey, Jr., McDermott, Will & Emery, Chicago, Ill., William P. Stewart, Buffalo, N. Y., for Art-Metal, Inc.

Edward W. Rothe, Hopkins, Sutter, Owen, Mulroy, Wentz & Davis, Chicago, Ill., for W. R. Ames Co.

Robert F. Hanley and Richard E. Powell, Isham, Lincoln & Beale, Chicago, Ill., for Estey Corp.

Max E. Wildman and Stewart S. Dixon, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for Virginia Metal Products, Inc.

WILL, District Judge.

The several defendants in this action have moved to strike all or part of certain paragraphs of a complaint wherein the State of Illinois and several of its agencies and public institutions seek treble damages for alleged violations by the defendant manufacturers of metal library shelving of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and sections 1, 4, 5, 12 and 16 of the Clayton Act, 15 U.S.C. §§ 12, 15, 16, 22 and 26.

1. Paragraph 14 of the complaint which defendants move to strike in its entirety recites facts regarding a criminal action brought in this court against all the defendants in the instant case, United States v. Sperry Rand Corp., et al., 63 CR 352 (N.D.Ill.1963). Included in the paragraph is a quotation from a petition filed in that case by the defendants seeking to withdraw their pleas of not guilty, originally entered at the time of arraignment, and to substitute therefor pleas of *nolo contendere*. The paragraph continues with excerpts from the record in the criminal case reflecting the Court's agreement to accept a plea of *nolo contendere* only if coupled with the defendants' consents to the entry of findings of guilty. In addition, the paragraph includes language from the judgment entered in the case. Defendants move to strike paragraph 14 and references to the criminal action in paragraphs 16 and 17, stating that the judgments in the criminal action were entered upon the defendants' pleas of *nolo contendere,* that these judgments therefore cannot be used as prima facie evidence under section 5(a) of the Clayton Act, and that references to the prior criminal action and the judgments therein are improper and prejudicial.

2. Paragraph 15, which defendants also seek to have stricken in its entirety, relates to a civil action instituted by the United States against four of the defendants, Sperry Rand, Art Metal, Globe-Wernicke and Estey, seeking a permanent injunction to restrain these defend-

ants from further violation of the aforementioned statutes. This action, United States v. Sperry Rand et al., 63 C 1100, filed the same day as the aforementioned criminal action, is still pending.

3. Defendants also seek to strike all or portions of paragraphs 16 and 17 both because of their reference to the civil and criminal cases mentioned above and because they raise a claim of fraudulent concealment of the alleged conspiracy for the purpose of avoiding the defense that the statute of limitations bars any of plaintiffs' claims accruing prior to June 20, 1959. In this connection defendants also ask that any allegations of the complaint with reference to damages for acts prior to June 20, 1959 be likewise stricken.

### EFFECT OF THE JUDGMENT IN 63 CR 352

■ As stated during the colloquy in the criminal case, the Court conceives that by a plain *nolo contendere* plea a defendant neither admits nor denies the allegations of an indictment but waives any right to contest them. Accordingly, in the Court's judgment, such a plea neither rebuts the presumption of innocence guaranteed to a defendant in a criminal case nor does it relieve the government from its burden of establishing the guilt of the defendant beyond a reasonable doubt.

To protect a defendant in these basic rights the Court customarily has required, alternatively, (1) that subsequent to the entry of a plea of *nolo contendere,* the government make out a *prima facie* case thereby rebutting the presumption of innocence and satisfying its burden of proof, or (2) that the *nolo* plea be coupled with an express consent to the entry of a judgment of guilty, the defendant thereby, as on a plea of guilty, waiving his presumption of innocence and the government's burden of proving its case beyond a reasonable doubt. This procedure has been followed in all criminal cases where a *nolo contendere* plea has been accepted without regard to the particular crime involved.

The purpose of this procedure, as indicated, is simply to overcome what the Court perceives to be a legal and logical inconsistency between the plea of *nolo contendere* and the basic elements of our system of criminal justice. It is designed to serve a particular purpose in a criminal case.

The Court is fully aware of the numerous decisions holding that by a *nola contendere* plea a defendant "impliedly" consents to the entry of a finding or judgment of guilty in the particular case but the Court is reluctant, as a matter of principle, to imply waiver of rights so fundamental as the presumption of innocence or the burden of the government to establish guilt beyond a reasonable doubt particularly when these rights can so easily be fully respected through either of the alternative procedures in question.

■ We come then to the significance of a plea of *nolo contendere* coupled with an express consent to the entry of a finding or judgment of guilty. As the Court stated at the time of accepting such pleas in the related criminal case, they are, for the purposes of the criminal case, the equivalent of a guilty plea. The question remains—is such a plea likewise the equivalent of a guilty plea for the purposes of Section 5(a) of the Clayton Act, 15 U.S.C. § 16(a)? The Court thinks not.

■ In enacting Section 5(a) Congress clearly intended to exclude consent judgments entered before any testimony is taken. A judgment of guilty entered upon a plea of *nolo contendere* coupled with an express consent to the entry of a finding of guilty is no less a consent judgment than one entered upon a plain plea of *nolo contendere* with the implied consent which has historically been read into such a plea but which the Court requires to be made explicit.

That the alternative procedure, i. e., requiring the government to proceed to prove a *prima facie* case, would not have

resulted in a consent judgment entered before any testimony was taken is not determinative. While the two procedures may be equivalent for purposes of satisfying the requirements of a criminal conviction, they obviously are different so far as Section 5(a) is concerned.

Since it has been definitively established that guilty findings or judgments entered upon plain pleas of *nolo contendere* are consent judgments under Section 5(a), Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 323 F.2d 412 (7 Cir. 1963), cert. den. 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964); City of Burbank v. General Electric Co., 329 F.2d 825 (9 Cir. 1964), it follows from the foregoing that similar judgments entered upon pleas of *nolo contendere* coupled with express consent to the entry of such findings or judgments are likewise. Accordingly, the defendants' motion to strike paragraph 14 of the complaint, and those portions of paragraphs 16 and 17 relating to the criminal case, will be granted.

## PLEADING THE PENDING CIVIL CASE

Plaintiffs suggest that the references in their complaint to the civil case presently pending before Judge Marovitz of this court, 63 C 1100, provide background information relevant to the case at bar. As was said in International Shoe Machine Corp. v. United Shoe Machine Corp., 315 F.2d 449, 457 (1 Cir. 1963), the "cases recognize the principle that until there has been a terminus to the litigation, the judgment or decree is not final and may not be utilized as prima facie evidence."

The civil case before Judge Marovitz has not yet reached the trial stage. It is well established that for a judgment to be "final", as contemplated by section 5(a) of the Clayton Act, the time to appeal must have run or the judgment affirmed by a court of last resort. Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366, 369 (D.Minn.1939), aff'd 119 F.2d 747 (8 Cir. 1941), cert. den. 314 U.S. 644, 62 S.Ct. 84, 86 L.

Ed. 516 (1941). Further, if the impact of a judgment not yet "final" in the sense contemplated by the statute is "delusively imprecise", International Shoe Machinery Corp. v. United Shoe Machinery Corp., supra, surely the bare allegations relating to the pendency of a suit have no place in the complaint and serve no useful purpose. See also Sager Glove Corp. v. Bausch & Lomb Optical Co., 149 F.2d 1, 3 (7 Cir. 1945). Paragraph 15 and all references in paragraph 17 to the pending civil case, are therefore ordered stricken from the complaint.

## THE ALLEGATIONS OF FRAUDULENT CONCEALMENT

The defendants would also have the court strike the allegations and claims set out in paragraphs 16 and 17 which relate to events prior to June 20, 1959. In these paragraphs the plaintiffs assert that "the conspiracy set forth [in the complaint] had been fraudulently concealed by defendants by various means and methods used to avoid the detection thereof", that, as a result of such fraudulent concealment, until June 20, 1963, the date of filing the criminal indictments in 63 CR 352 previously referred to, plaintiffs had no knowledge thereof, and that the statute of limitations was therefore tolled.

Defendants urge that these allegations are conclusionary, thereby failing to meet the requirement of particularity of pleading set out in Rule 9(b), F.R.Civ.P., and that the allegations as to the existence of the conspiracy are not allegations of fraudulent concealment sufficient to toll the statute of limitations.

The pleadings allege secret meetings in hotels and even a private residence at which the defendants allocated jobs and fixed prices. They further charge that the decisions reached at such meetings were communicated by telephone to other defendants not present. By this means it is alleged that the decision as to which defendant was to receive a particular job was effected since other defendants either did not bid or sub-

mitted bids calculated to insure they would not obtain the job. Specifically, the complaint asserts that while bids on plaintiffs' jobs were offered by several of the defendants, such bidding was calculated to result in the particular contract in question being awarded to the defendant previously selected at a meeting of the alleged conspirators. Generally, the complaint alleges that the procedures used were such as to make it impossible for the plaintiffs to have knowledge of defendants' activities.

■ That fraudulent concealment tolls the running of the four year statute of limitations under the Clayton Act is well established. Atlantic City Electric Co. v. General Electric Co., 312 F.2d 236 (2 Cir. 1962), cert. den. 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed.2d 411 (1963); Allis-Chalmers Mfg. Co. v. Commonwealth Edison Co., 315 F.2d 558 (7 Cir. 1963); Kansas City v. Federal Pacific Electric Co., 310 F.2d 271 (8 Cir. 1962), cert. den. 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 415 (1963); Public Service Co. v. General Electric Co., 315 F.2d 306 (10 Cir. 1963), cert. den. 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963). There remains only the question of whether the complaint is defective in its allegations with respect thereto.

■ ■ Rule 9(b) of the Federal Rules of Civil Procedure requires that in averments of fraud, the circumstances constituting fraud shall be stated with particularity. In the Court's opinion, the allegations previously referred to meet that requirement. To quote the decision upon which the defendants place their greatest reliance, Kansas City v. Federal Pacific Electric Co., supra, "When the antitrust laws are violated, the wrongdoers who are successful in cloaking their unlawful activities with secrecy through cunning, deceptive and clandestine practices should not, when their machinations are discovered, be permitted to use the shield of the statute of limitations to bar redress by those whom they have victimized."

The instant complaint alleges the two elements set forth in the Kansas City case, supra, 310 F.2d at 278, as required in a claim of fraudulent concealment, "the use of fraudulent means by the party who raises the ban of the statute and successful concealment from the injured party." The pleadings being sufficient to raise this issue, that portion of the defendants' motion which seeks to strike the allegation of fraudulent concealment and claims prior to June 20, 1959 is denied.

### CONCLUSIONS

1. Defendants' motion to strike paragraphs 14, 15 and portions of paragraphs 16 and 17 of the complaint is granted.

2. Defendants' motion to strike all allegations of fraudulent concealment and all claims for acts of the defendants prior to June 20, 1959 is denied.