## UNITED STATES *v.* NORRIS.

No. 555.   Argued April 28, 1930.—Decided May 26, 1930.

*Assistant Attorney General Youngquist,* with whom *Attorney General Mitchell, Messrs. Mahlon D. Kiefer, John J. Byrne* and *A. E. Gottshall* were on the brief, for the United States.

*Mr. Frederic L. Ballard,* with whom *Messrs. Charles I. Thompson* and *Allen Hunter White* were on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Norris and one Kerper were indicted by the federal grand jury for the Eastern District of Pennsylvania, charged in two counts with conspiring unlawfully to trans-

port and cause to be transported, from Philadelphia to New York, certain shipments of intoxicating liquor, in violation of the National Prohibition Act of October 28, 1919, c. 85, § 3, 41 Stat. 305, 308; U. S. C., Title 27, § 12. The indictment is sufficient in form and substance. Kerper pleaded guilty, and Norris entered a plea of *nolo contendere*. When the latter appeared for sentence, there was filed a stipulation of facts which it was agreed should be taken to be true and of record with like effect as if set forth in the indictment. The pertinent portion of the stipulation is copied in the margin.* Thereupon, Norris submitted a motion in arrest of judgment upon the grounds

---

* " Defendant, Alfred E. Norris, resides at 55 East Seventy-second Street, New York City. His business is that of investment banker.

" Joel D. Kerper, the other defendant, for some years prior to the date of the indictment in the above case, conducted at premises known as 341 Walnut Street, Philadelphia, Pa., a business consisting in major part of the sale and transportation incidental to sale, of intoxicating liquors, in violation of the National Prohibition Act. Pursuant to said business, the said Joel D. Kerper supplied a large number of customers in Philadelphia, New York, and other places. In the course of his business conducted as aforesaid, the said Joel D. Kerper on the dates indicated, made the following shipments by prepaid express from Philadelphia to the said Alfred E. Norris, addressed to him at 55 East Seventy-second Street, New York City. These shipments were labeled as containing the merchandise indicated in each case, and purported to be sent by the shippers named:
[The list is omitted.]

" In all of the above cases, defendant, Joel D. Kerper, was the true shipper, instead of the fictitious shipper named; and in every instance the package contained an unlawful shipment of intoxicating liquor for beverage purposes; to wit: rye whiskey. Said shipments were made by defendant, Joel D. Kerper to defendant, Alfred E. Norris, to fill orders for rye whiskey given by said Alfred E. Norris to said Joel D. Kerper over the telephone. Payment for said rye whiskey was made from time to time by Norris to Kerper, either in cash or by check. The said rye whiskey was purchased by defendant, Alfred E. Norris, for his own consumption or that of his guests; and he was in no sense a dealer of liquor."

that upon the face of the record he was not guilty of the crime charged; that the record disclosed that he merely purchased liquor, and that this did not constitute a crime; and that the record failed to show such degree of affirmative coöperation on his part as would render him liable as a conspirator in the unlawful transportation. The motion was denied and judgment rendered against Norris, who was, thereupon, sentenced to pay a fine of two hundred dollars. The district court treated the stipulation as " evidence . . . for the information of the court in determining what sentence, if any, ought to be imposed upon the defendant Norris," which it " received and made part of the record for the limited purpose above stated." 29 F. (2d) 744. The court of appeals sustained the sufficiency of the indictment, but, considering the case upon the stipulation of facts, reached the conclusion that the transactions therein disclosed did not subject the purchaser and seller of intoxicating liquor to an indictment for conspiracy to transport, and reversed the judgment of the trial court. 34 F. (2d) 839.

In the face of an indictment good in form and substance, and of a plea thereto of *nolo contendere,* which, although it does not create an estoppel, has all the effect of a plea of guilty for the purposes of the case (*Hudson* v. *United States,* 272 U. S. 451, 455; *United States* v. *Lair,* 195 Fed. 47, 51), the stipulation was ineffective to import an issue as to the sufficiency of the indictment, or an issue of fact upon the question of guilt or innocence. If the stipulation be regarded as adding particulars to the indictment, it must fall before the rule that nothing can be added to an indictment without the concurrence of the grand jury by which the bill was found. *Ex Parte Bain,* 121 U. S. 1. If filed before plea and given effect, such a

stipulation would oust the jurisdiction of the court. *Id.*, p. 13, citing (at pp. 8, 9) *Commonwealth* v. *Mahar*, 16 Pick. 120, and *People* v. *Campbell*, 4 Parker's Cr. Cas. 386, 387, holding that the defendant's consent does not affect the rule. After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record. Regarded as evidence upon the question of guilt or innocence, the stipulation came too late, for the plea of *nolo contendere,* upon that question and for that case, was as conclusive as a plea of guilty would have been. And as said by Mr. Justice Shiras in *Hallinger* v. *Davis,* 146 U. S. 314, 318, " If a recorded confession of every material averment of an indictment puts the confessor upon the country, the institution of jury trial and the legal effect and nature of a plea of guilty have been very imperfectly understood, not only by the authors of the Constitution and their successors down to the present time, but also by all the generations of men who have lived under the common law."

The court was no longer concerned with the question of guilt, but only with the character and extent of the punishment. *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46, 51–52. The remedy of the accused, if he thought he had not violated the law, was to withdraw, by leave of court, the plea of *nolo contendere,* enter one of not guilty, and, upon the issue thus made, submit the facts for determination in the usual and orderly way.

As to whether the stipulated facts, if open to consideration, make out a case of criminal conspiracy, we express no opinion.

>*The judgment of the Court of Appeals is reversed and that of the District Court affirmed.*