**UNITED STATES ex rel. BRUNO v. REIMER, Commissioner of Immigration.**

No. 383.

Circuit Court of Appeals, Second Circuit.

July 12, 1938.

Joseph Pascocello, of New York City, for appellant.

Lamar Hardy, U. S. Atty., of New York City (Dolores C. Faconti, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a writ of habeas corpus, issued to review an order of the Secretary of Labor deporting the relator, an alien. He came to this country, a child of ten, in 1920, and has never been naturalized. In 1929 he was indicted for robbery in New Jersey, and pleaded "non vult"—the equivalent in that state of the common-law plea of "nolo contendere". He was then sentenced to an indeterminate term, and served for eighteen months in two state reformatories. In November, 1931, he was again indicted for robbery, and this time pleaded guilty, and was sentenced to a term of nine years, the minimum length of which will extend until August, 1938. While serving this sentence, a warrant for his deportation was issued, and he was thereafter transferred to Ellis Island to await its execution. The grounds of the deportation warrant were that he had been twice sentenced to serve more than a year for crimes involving moral turpitude. The only ground relied upon in support of the writ is that the first sentence, not being upon a plea of guilty, but of "nolo contendere", is not a sentence and conviction within the deportation statute.

Section 155 of Title 8, U.S.Code, 8 U.S.C.A. § 155, makes it a ground for deportation that the alien shall have been twice "sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude". Although the first sentence in this case was indeterminate, the relator raises no objection as to that, but only that his plea did not admit the truth of the facts charged in the indictment except for purposes of the prosecution, and that therefore it ought not to serve in a deportation proceeding, which has no connection with the prosecution. It is true that the plea is not treated as a confession, which can be used against the accused elsewhere; but it gives the judge as complete power to sentence as a plea of guilty. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347. And it is as conclusive of guilt for all purposes of prosecution under the indictment, United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076; State v. Henson, 66 N.J.L. 601, 50 A. 468, 616. Moreover, a sentence upon it is a conviction within the terms of a local statute applying to second offenders. People v. Daiboch, 265 N.Y. 125, 191 N.E. 859. The relator might suc-

ceed, therefore, if deportation depended upon his admission of the commission of a crime, as it may in the case of crimes committed before entry; but since it depends upon conviction and sentence, conviction and sentence are the only relevant facts, and the accused may be deported whenever these have been procured by any lawful procedure, as in this case they were.

Order affirmed.