**FISHER v. SCHILDER, Warden.**

No. 2549.

Circuit Court of Appeals, Tenth Circuit.

Oct. 30, 1942.

David Allen, of Denver, Colo. (G. E. Fisher, pro se, of Oklahoma City, Okl., and A. L. Morrison, of El Reno, Okl., on the brief), for appellant.

John Brett, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge, delivered the opinion of the court.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

An indictment containing ten counts was returned against G. E. Fisher, the petitioner, and others in the United States District Court for the Western District of Wisconsin. Counts 1, 2, 3, and 4 charged violations of § 17(a) of the Securities Act of 1933, 15 U.S.C.A. § 77q(a). Counts 5, 6, 7, 8, and 9 charged violations of § 215 of the Criminal Code, 18 U.S.C.A. § 338. Count 10 charged the violation of § 37 of the Criminal Code, 18 U.S.C.A. § 88.

On March 21, 1940, petitioner appeared with his counsel and entered a plea of nolo contendere to each of the several counts of the indictment. The court ordered that imposition of sentence be postponed for 90 days and that the bond be continued. The clerk erroneously entered in his minutes the recital that petitioner had entered a plea of guilty. Sentence was imposed on September 25, 1940. The judgment recited that petitioner had entered a plea of guilty on March 21, 1940, and had been convicted on a plea of guilty. The court sentenced petitioner to imprisonment in a penitentiary for terms of five years on each of counts 1 to 9, inclusive, and for a term of two years on count 10, the sentences to run concurrently, and to pay a fine of $5,000 on each count, payment of the fine on count 1 to satisfy the fines on counts 2 to 10, inclusive.

Thereafter, on October 20, 1941, after the term at which the sentence was imposed had expired, the court undertook to correct the record so as to show that petitioner withdrew his former plea of not guilty and entered a plea of nolo contendere, that the court found petitioner guilty as charged in the indictment on the plea of nolo contendere, that imposition of sentence was postponed for 90 days, and that the bond was continued; and directed that the judgment and commitment be amended to show a plea of nolo contendere.

Petitioner contends that the court having adjudged him guilty on a plea of guilty and having imposed sentence on such conviction, the judgment and sentence are void.

At the time sentence was imposed petitioner objected on the ground that he had entered a plea of nolo contendere, and not a plea of guilty. The trial court inquired as to what the clerk's minutes showed, and

it appearing that they showed an entry of a plea of guilty, adjudged the petitioner guilty upon a plea of guilty.

■ While a plea of nolo contendere does not create an estoppel, it has all the effects of a plea of guilty for the purposes of the criminal case.[1]

In United States v. Norris, 281 U.S. 619, 623, 50 S.Ct. 424, 425, 74 L.Ed. 1076, the court said:

"After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record. Regarded as evidence upon the question of guilt or innocence, * * * the plea of nolo contendere, * * * for that case, was as conclusive as a plea of guilty would have been."

In United States v. Lair, 8 Cir., 195 F. 47, 52, cited with approval in the Norris case, supra, the court said:

"In fact, the defendant admitted that he committed the offense charged within that district; for his plea of nolo contendere is in effect a plea of guilty to every essential element of the offense well pleaded in the charge against him, and warrants his conviction thereof without more * * * though the conviction cannot rightly be used against him in any other case. Such is the effect of the plea of nolo contendere."

■ With respect to affording a basis for a judgment of conviction and the imposition of sentence, there is no substantial difference between a plea of nolo contendere and a plea of guilty. It follows that the court erred not in adjudging the petitioner guilty and imposing sentence, but in reciting that the judgment of conviction was upon a plea of guilty. The erroneous recital of a plea of guilty was not a fundamental error going to the jurisdiction of the court, but one which should have been corrected on appeal.

We doubt that the trial court, after the term had expired, had jurisdiction by a nunc pro tunc order, to modify the judgment and commitment. They truly reflected what the court, after inquiry, found to be the fact. If the nunc pro tunc order was ineffectual to correct the judgment and commitment then they stand as originally entered. True, they contain erroneous recitals, but those recitals resulted from the decision of an issue which the court had jurisdiction to determine and if it decided that issue erroneously, petitioner's remedy was by appeal and not by habeas corpus.

■■ Petitioner contends that the several counts of the indictment do not charge offenses against the United States. The argument is directed primarily to counts 1, 2, 3, and 4. The definition of the term "security" in § 201 of the Securities Exchange Act of 1934, reads in part, "fractional undivided interest in oil, gas, or other mineral rights." 15 U.S.C.A. § 77b(1), 48 Stat. 905. Counsel for petitioner urge that the indictment charged entire interests in oil and gas leases rather than undivided interests. Count 1 of the indictment sets up an assignment of an oil and gas lease. The assignment purports to cover certain described acreage out of a community lease. The indictment alleges that it was represented that the assignment gave to the assignee a fractional interest in the community lease. It also charged as one of the securities involved fractional undivided interests in oil and gas royalties. What we have said respecting count 1 is likewise true of counts 2, 3, and 4. It follows, we think, that the indictment charged a security within the meaning of the Securities Exchange Act of 1934. However, the point is not material. Counts 5, 6, 7, 8, and 9 of the indictment charged the use of the mail to defraud and the sentences run concurrently.

■ The several counts of the indictment clearly attempted to charge a Federal offense. The court had jurisdiction over such offense and over the person of the petitioner. Hence, the sufficiency of the indictment was not open to challenge on habeas corpus.[2]

The judgment is affirmed.

[1] United States v. Norris, 281 U.S. 619, 623, 50 S.Ct. 424, 74 L.Ed. 1076; United States v. Lair, 8 Cir., 195 F. 47, 52; Farnsworth v. Zerbst, 5 Cir., 97 F.2d 255, 256; Berlin v. United States, 3 Cir., 14 F.2d 497, 498; United States ex rel. Bruno v. Reimer, 2 Cir., 98 F.2d 92; Gemignani v. United States, 6 Cir., 9 F. 2d 384; Pharr v. United States, 6 Cir., 48 F.2d 767, 770; United States v. Hartwell, Fed.Cas.No.15,318, 3 Cliff. 221; Dillon v. United States, 8 Cir., 113 F. 2d 334, 338.

[2] Creech v. Hudspeth, 10 Cir., 112 F.2d 603, 606; Hastings v. Hudspeth, 10 Cir., 126 F.2d 194, 196.