**O'GRADY v. HIATT, Warden.**
No. 146.

District Court, M. D. Pennsylvania.
Oct. 27, 1943.

Paul Showalter, of Lewisburg, for petitioner.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

The petitioner, William L. O'Grady, a citizen of the United States and a resident of the state of Missouri, at present confined in the United States Penitentiary at Lewisburg, Pennsylvania, within the Middle Dis-

trict of Pennsylvania, has filed his petition for a writ of habeas corpus, accompanied by his oath in forma pauperis. Upon that petition a rule was granted upon William H. Hiatt, Warden of the Penitentiary, to show cause why the writ should not be issued, and after response filed the respondent was ordered to produce the petitioner for a hearing.

The petitioner was sentenced in the United States District Court in and for the Western District of Tennessee, at Memphis, Tennessee, for violation of the Dyer Act, 18 U.S.C.A. § 408, and National Firearms Act, 26 U.S.C.A. Int.Rev.Code, §§ 2720 et seq. and 3260 et seq., and after entering a plea of guilty to both indictments, was sentenced to serve five years on each count with the sentences to run concurrently.

Petitioner makes the following assertions:

1. That a plea of guilty is unconstitutional and that a jury trial cannot be waived.

2. That he had no preliminary arraignment before a United States Commissioner on the fire-arms charge covered by Indictment No. 6180.

3. That he was questioned and made a confession to an F.B.I. Agent before he was taken before a United States Commissioner.

4. That a Special Agent for the Federal Bureau of Investigation promised him that if he entered a plea of guilty to the Dyer Act charge, no charge would be preferred against him on the fire-arms charge.

As to the first point raised by the petitioner the records disclose that he was advised of his constitutional right to counsel and that having been asked if he desired counsel, upon his affirmative reply, counsel was assigned to him. He thereupon entered a plea of guilty and sentence duly followed. The constitutional right of trial by jury is waived by a voluntary plea of guilty. Patton v. United States, 281 U.S. 276, at page 305, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076.

The second point raised by the petitioner cannot be sustained. A defendant may be indicted in a federal court without a preliminary hearing before a United States Commissioner and without notice to the defendant. Garrison v. Johnston, 9

Cir., 104 F.2d 128; United States ex rel. Perry v. Hiatt, D.C., 33 F.Supp. 1022; United States v. Liebrich, D.C., 55 F.2d 341.

The third point raised by the petitioner cannot be sustained. Defendant entered a plea of guilty and the question of the admission in evidence of his confession did not arise. Although not cited by the defendant, this is an apparent attempt on his part to invoke the recent opinion of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. ——, in which the Supreme Court reversed a confession which had been, in the opinion of the Supreme Court, improperly obtained. The McNabb case was an appeal in a criminal case and did not involve habeas corpus. There has been no change in the existing law as announced in Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849, that the sufficiency of the evidence to support a conviction is not jurisdictional and is not open to review in habeas corpus proceedings.

It was by reason of the fourth point raised by the petitioner that he was given a hearing. At the hearing he completely failed to substantiate the allegations of his petition.

The rule to show cause is discharged and the writ is denied.