**POLYCHROME CORPORATION,**
**Plaintiff,**

**v.**

**MINNESOTA MINING AND MANUFACTURING COMPANY, Defendant.**

**No. 66 Civ. 979.**

United States District Court
S. D. New York.

Dec. 16, 1966.

See also D.C., 259 F.Supp. 330.

---

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff, Edward N. Costikyan, Thomas R. Farrell, Jr., Sidney S. Rosdeitcher, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant, John R. Schoemer, Jr., and Philip D. Pakula, New York City, Chadwell, Keck, Kayser, Ruggles & McLaren, John T. Chadwell, Glenn W. McGee, Chicago, Ill., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendant Minnesota Mining and Manufacturing Company (3M) moves pursuant to Rule 12(f), F.R.Civ.P., to strike paragraph 15 of the plaintiff's amended complaint as an improper reference to a plea of *nolo contendere* and to a judgment entered thereon.  In paragraph 15 plaintiff alleges that:

"In United States v. Minnesota Mining and Manufacturing Company [249 F.Supp. 594] (Criminal Action No. 61–73–D in the United States District Court for the Eastern District of Illinois) Minnesota was charged

with the aforesaid attempt to monopolize the above described interstate trade and commerce in the manufacture of aluminum presensitized lithographic plates. On January 5, 1966, Minnesota admitted the allegations of the indictment and was convicted and fined for its violation of section 2 of the Sherman Act 15 U.S.C. § 2."

It is conceded that on December 13, 1961, 3M was indicted in the Eastern District of Illinois for attempting to monopolize trade and commerce in the manufacture of aluminum presensitized lithographic plates. In the latter part of 1965, 3M without opposition from the United States sought approval of the court to tender a plea of *nolo contendere* to certain counts in the indictment. After submission of briefs by counsel, the court notified the parties in December 1965 that it would entertain the *nolo* plea and requested that memoranda be submitted *in camera* relating to sentencing and the penalty to be imposed.

At a hearing on January 5, 1966, the court formally approved the *nolo* plea,* but remarked in passing that:

"Able and competent counsel for both sides have presented to this court their respective Pre-Sentence Memoranda couched in terms most suitable to their side of the case. After all of the statements are considered and digested and stripped of their unilateral interpretations, the bare and basic fact remains that the defendant violated the Sherman Act and that such violation continued throughout a term of years.

"The defendant has advanced a number of theories as to why this court should be lenient even after admitting that the violation of law continued over a number of years."

At the conclusion of the hearing, the court fined 3M an aggregate sum of $190,000.

---

* The papers show that the indictment contained nine counts, of which three counts related to presensitized lithographic plates. 3M pleaded *nolo* to one of the

Section 5(a) of the Clayton Act, 15 U.S.C. § 16(a), provides that:

"A final judgment or decree * * * rendered in any * * * criminal proceeding brought by * * * the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action * * * brought by any other party against such defendant under said laws * * * as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken * * *."

By Section 5(a) Congress intended on the one hand to facilitate the bringing of treble damage suits by private antitrust litigants by giving those litigants prima facie benefit of judgments obtained by the Government. On the other hand, Congress by enacting the exclusionary proviso sought to speed antitrust enforcement and save time and expense to the Government by encouraging defendants to capitulate at the early stage of public antitrust actions. Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 323 F.2d 412 (7th Cir. 1963); Dalweld Co. v. Westinghouse Electric Corp., 252 F.Supp. 939 (S.D.N.Y.1966). Since a *nolo* plea is a "consent judgment" within the meaning of the proviso, a private litigant may not use such a plea as prima facie evidence or, indeed, refer to such a plea and the judgment entered thereon in his complaint. City of Burbank v. General Electric Co., 329 F.2d 825 (9th Cir. 1964); Atlantic City Electric Co. v. General Electric Co., 207 F.Supp. 620 (S.D.N.Y. 1962); Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366 (D.Minn.1939).

Plaintiff contends, however, that the remarks of the court in approving the *nolo* plea indicate that 3M admitted

---

three counts, and the remaining two were dismissed with the consent of the Government.

violating Section 2 of the Sherman Act in the memoranda submitted by it to the court *in camera* prior to the January 5, 1966 hearing. Although plaintiff concedes that it cannot use the *nolo* plea as prima facie evidence under Section 5(a) of the Clayton Act, it urges that any admissions of guilt in the *in camera* statements were made wholly apart from the plea of *nolo contendere* and may be used as "some evidence" under the common law rules of evidence.

The remarks of the court were made at the hearing at which it formally approved the *nolo* plea and imposed sentence thereon, and the "Pre-Sentence Memoranda" referred to in its remarks had been submitted *in camera* at the request of the court in connection with the plea and sentence. The remarks and the memoranda being part and parcel of the plea and sentence, may not be taken out of context to support an allegation that 3M "admitted the allegations of the indictment and was convicted and fined for its violation * * *."

As stated in Atlantic City Electric Co. v. General Electric Co., 207 F. Supp. 620, 628–629 (S.D.N.Y.1962):

"The few plaintiffs who would preserve the allegations have not cited a single case in which a court refused to strike from a complaint references to *nolo* pleas or judgments thereon when asked to do so. However, the courts have consistently held that the proviso of Section 5 applies to judgments entered after pleas of *nolo* and for that reason have struck from complaints references to judgments entered after such pleas. * * *

* * * * * *

"It is true that the possibility of prejudice to defendants from these allegations may not be great. However, in view of the overwhelming authority on the point, defendants' motion is granted in this respect."

Defendant's motion to strike paragraph 15 of the complaint is granted. Since the statute of limitations on private actions is tolled during the pendency of an antitrust action by the government (Section 5(b) of the Clayton Act, 16 U.S.C. § 16(b)), plaintiff, if so advised, is given leave to amend its complaint by stating the beginning and termination dates of the criminal proceeding. Atlantic City Electric Co. v. General Electric Co., supra.

Settle order on notice.

