**Henry OBRON, d/b/a Advance Bag and Burlap Company, Plaintiff,**

v.

**UNION CAMP CORPORATION and Bemis Company, Inc., Defendants.**

**Civ. A. No. 31810.**

United States District Court, E. D. Michigan, S. D.

March 22, 1971.

Martin J. Adelman, of Barnard, Mc-Glynn & Reising, Birmingham, Mich., for plaintiff.

Richard D. Rohr, of Bodman, Longley, Bogle, Armstrong & Dahling, Fred Mallender, II, of Dahlberg, Mallender & Gawne, Detroit, Mich., Edward C. Stringer, of Briggs & Morgan, St. Paul, Minn., Stephen R. Lang, of Breed, Abbott & Morgan, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER ON MOTION FOR PRELIMINARY RULING ON ADMISSIBILITY

PHILIP PRATT, District Judge.

This Clayton Act Plaintiff moves for a pretrial order permitting the introduction into evidence at trial admissions made by the defendant corporations at the time and in conjunction with the entry of their pleas of nolo contendere before a U. S. District Judge in the criminal anti-trust action.

Although the facts are undisputed, a brief recital would be helpful in the understanding of what the motion does seek, and what it does not seek.

The corporate defendants were indicted for alleged violations of the anti-trust laws. On April 10, 1968 they appeared, through their agents, before a U. S. District Judge of the Eastern District of Virginia (Exhibit "B") and offered their respective pleas of nolo contendere to certain counts of the indictment. (More accurately, defendant Union Camp originally pleaded guilty to one count and nolo contendere to another; however, the guilty plea was subsequently withdrawn and a nolo contendere plea offered as to both counts. See Exhibit "C", transcript of proceedings of May 6, 1968.) The United States vigorously opposed the acceptance of the nolo contendere pleas, primarily because a nolo contendere plea could adversely affect the evidentiary burden of private triple-damage complainants under Section 5(a) of the Clayton Act (15 U.S.C.A. 16[a]).

The transcripts of the proceedings of April 10, 1968 and May 6, 1968, show that the District Judge would not accept the nolo contendere pleas unless and until the defendants made statements or responses to his questions that were tantamount to admissions of guilt. He repeatedly and unequivocally stated that the difference between a guilty plea and a nolo contendere plea is a technicality and that,

> "Now I am going to do the same thing on a nolo contendere as I do on a guilty plea. I am going to tell the defendants what they are charged with, and they are going to have to admit that they did it wilfully, knowingly and it was not by mistake or inadvertence. And if they don't say that, they are going to have to be tried. So, technically I don't see any difference * * *." (Page 366, Exhibit "B")

The District Judge then examined the defendants, during which examination the admissions plaintiff seeks to intro-

duce here were made, and accepted the nolo contendere pleas.

It is within this context, then, that plaintiff asserts that the admissions made by the corporate defendants—not the nolo contendere plea itself—but only the admissions should be received in evidence—not as a prima facie establishment of his burden—but only as evidence which would be coupled with other testimony.

### The Nolo Plea under Section 5(a) of Clayton Act

■ It is well settled that judgments entered on pleas of nolo contendere are "consent judgments" within the meaning of the exclusionary priviso in Section 5(a) of the Clayton Act and are not available to plaintiffs in treble damage actions for the prima facie benefit permitted in the preceding language of the section. Commonwealth Edison Co. v. Allis Chalmers Manufacturing Co., 323 F.2d 412 (7 Cir. 1963), cert. den. 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964).

The "consent" requirement of the exclusion has been interpreted to mean the "consent" of the Court in the acceptance of the nolo contendere pleas and not the consent of the Government to the offer of the plea by the defendant, City of Burbank v. General Electric Co., 329 F. 2d 825 (9th Cir. 1964), although, as pointed out in *Commonwealth Edison Co. supra.* " * * * in practice pleas of nolo contendere are rarely accepted by courts without the approval of the Government after compromise negotiations with the Government."

It is with cognizance of this authority that plaintiff concedes that the plea itself or the judgment thereon is not admissible as prima facie evidence under the exclusionary priviso of Section 5(a).

*Admissibility under the Common Law of Statements Made After Offer of Nolo Contendere Plea but Before Acceptance of Plea by the Court.*

■ Plaintiff contends that, under the common law, admissions against interests are always admissible and that while Congress may have intended to preclude the use of the fact of the nolo contendere plea, it did not intend to proscribe the common law as to statements or admissions.

It appears to this Court that any colloquy between counsel and the Court, or the defendant and the Court, involving the offer or acceptance of the plea is not separable from the plea itself. While not involving on-the-record admissions, the reasoning of Judge Bonsal in Polychrome Corp. v. Minnesota Mining and Manufacturing Co., 263 F.Supp. 101 (D. C.N.Y.1966) is appealing:

> Although plaintiff concedes that it cannot use the *nolo* plea as prima facie evidence under Section 5(a) of the Clayton Act, it urges that any admissions of guilt in the *in camera* statements were made wholly apart from the plea of nolo contendere and may be used as "some evidence" under the common law rules of evidence.

> The remarks of the court were made at the hearing at which it formally approved the *nolo* plea and imposed sentence thereon, and the "Pre-Sentence Memoranda" referred to in its remarks had been submitted *in camera* at the request of the court in connection with the plea and sentence. The remarks and the memoranda being part and parcel of the plea and sentence, may not be taken out of context to support an allegation that 3M "admitted the allegations of the indictment and was convicted and fined for its violation * * *."

This Court sees no real distinction between an admission tantamount to guilt or a finding of guilt by the Court during the course of a nolo contendere plea proceeding, on the record or in camera. To hold that distinctions can be drawn (and interpretations made) would completely subvert the purpose of Congress in enacting the exclusionary proviso and also destroy the efficacy of the nolo contendere plea.

## THE NOLO CONTENDERE PLEA

The nolo contendere plea has had a long and troubled history and finds its present viability under Rule 11 of the Federal Rules of Criminal Procedure which insofar as pertinent reads:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere* * * *."

In Lott v. United States, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961) the Supreme Court described the plea of nolo contendere as follows (pp. 426–427, 81 S.Ct. 1567):

Although it is said that a plea of *nolo contendere* means literally "I do not contest it," Piassick v. United States, 5 Cir., 253 F.2d 658, 661 and "is a mere statement of unwillingness to contest and no more," Mickler v. Fahs, 5 Cir., 243 F.2d 515, 517, it does admit "every essential element of the offense [that is] well pleaded in the charge." United States v. Lair, 8 Cir., 195 F. 47, 52 (C.A. 8th Cir.). C.F. United States v. Frankfort Distilleries, 324 U.S. 293, 296, 65 S.Ct. 661, 89 L.Ed. 951. Hence, it is tantamount to "an admission of guilt for the purposes of the case," Hudson v. United States, 272 U.S. 451, 455, 47 S.Ct. 127, 129, 71 L.Ed. 347, and "nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record," United States v. Norris, 281 U.S. 619, 623, 50 S.Ct. 424, 425, 74 L. Ed. 1076. Yet the plea itself does not constitute a conviction nor hence a "determination of guilt." It is only a confession of the well-pleaded facts in the charge. It does not dispose of the case. It is still up to the court "to render judgment" thereon. United States v. Norris, supra, 281 U.S. at page 623, 50 S.Ct. at page 425. At any time before sentence is imposed —i. e., before the pronouncement of judgment—the plea may be withdrawn, with the consent of the court. Rule 32(d), Fed.Rules Crim.Proc. Necessarily, then, it is the judgment

of the court—not the plea—that constitutes the "determination of guilt." Apart from the [dissenting] opinion below, we have not been cited to any case, and have found none, that holds or even intimates the contrary.

The most recent exegesis of the term appears in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) where Justice White, speaking for a majority of the Court, said at footnote 8:

Throughout its history, that is, the plea of *nolo contendere* has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency. Fed.Rule Crim.Proc. 11 preserves this distinction in its requirement that a court cannot accept a guilty plea "unless it is satisfied that there is factual basis for the plea"; there is no similar requirement of pleas of *nolo contendere*, since it was thought desirable to permit defendants to plea nolo without making any inquiry into their actual guilt. See notes of Advisory Committee to Rule 11, 91 S.Ct. at 166, 167, 27 L.Ed.2d at 170.

Despite that and other discussion regarding the plea, this Court's limited experience shows no more fertile area of judicial divergence than the "nolo plea". Some judges refuse categorically to accept them; others do so freely; some will accept them only in multiple count indictments where a plea of guilty is offered to at least one count. There are judges who insist upon statements which are tantamount to admissions of guilt while others inquire perfunctorily. Between the extremes are perhaps as many variations as there are judges. (See the procedures outlined in Judge Wills' opinion in State of Illinois v. Sperry Rand Corporation, D.C., 237 F.Supp. 520.)

While public policy arguments may abound with regard to the plea of nolo contendere and then be enhanced by civil suits such as those under the Clayton Act, it appears to this Court that the most important and persuasive public

policy involves the integrity of the plea itself. So long as the plea is on the books and so long as it is accepted by a judge, it should not be eroded or undermined by individual judicial preferences and procedures. Any judge, in the exercise of discretion and all that term implies, should be free to make as full an inquiry as he chooses to assist in his decision regarding the acceptance of the plea or to be informed as to mitigating factors. However, this is not to say that once a defendant is given to understand that his nolo plea is accepted he should later discover that he pleaded guilty or was found guilty without benefit of trial.

To hold otherwise would avoid the impact of Alford, supra, that " * * * the plea of *nolo contendere* has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished *as if he were guilty * * *.*" (emphasis supplied).

It is, therefore, the ruling of this Court that the Motion for Preliminary Ruling on Admissibility should be and the same hereby is denied.