UNITED STATES of America,
Plaintiff-Appellee,

v.

AMERICAN SERVICE CORPORATION, City Linen, Coat & Apron Supply Service, Inc., Jerome Herskowitz, Southern Linen Supply & Laundry Company, Inc., and William Strnisko, Sanitary Linen Service Co., and Bernard Trichter, Defendants-Appellants.

No. 77–5622
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Michael H. Blacker, North Miami Beach, Fla., for Strnisko.

Joel I. Keiler, Miami, Fla., for Trichter.

Daniel Neal Heller, Robert Golden, Miami, Fla., for all other defendants-appellants.

Jack V. Eskenazi, U. S. Atty., Miami, Fla., John Powers, III, Daniel J. Conway, John H. Shenefield, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GODBOLD, RONEY and RUBIN, Circuit Judges.

PER CURIAM:

This is an appeal from a final judgment entered in a criminal antitrust case against appellants upon *nolo contendere* pleas for violation of section 1 of the Sherman Act, 15 U.S.C.A. § 1. The sole thrust of the appeal is directed to the sufficiency of the indictment to allege the nexus with interstate commerce requisite for federal jurisdiction under the Sherman Act. Finding that the indictment sufficiently alleges defendants' actions to be within interstate commerce, we affirm.

A plea of *nolo contendere* has the effect of a guilty plea and admits all facts well pleaded in the indictment. *United States v. Tallant*, 547 F.2d 1291, 1294–1295

(5th Cir. 1977), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1978). A judgment entered upon such a plea, however, leaves open for appellate review the sufficiency of the indictment. *United States v. Norris,* 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076 (1930). The requirement that a restraint on interstate commerce be present is a jurisdictional requirement for an offense under section 1 of the Sherman Act. *United States v. Cadillac Overall Supply Co.,* 568 F.2d 1078 (5th Cir.), *cert. denied,* —— U.S. ——, 98 S.Ct. 3088, 57 L.Ed. 1133 (1978). This jurisdictional requirement may be met by allegations that the offending acts occurred in the flow of commerce, *see Gulf Oil Corp. v. Copp Paving Co., Inc.,* 419 U.S. 186, 195, 95 S.Ct. 392, 42 L.Ed.2d 378 (1974), or substantially affected interstate commerce, *see United States v. Women's Sportswear Manufacturers Association,* 336 U.S. 460, 69 S.Ct. 714, 93 L.Ed. 805 (1949). An indictment may charge either kind of restraint or both. *Las Vegas Merchant Plumbers Association v. United States,* 210 F.2d 732 (9th Cir.), *cert. denied,* 348 U.S. 817, 75 S.Ct. 29, 99 L.Ed. 698 (1954).

In the case at bar, if the indictment sufficiently alleged interstate commerce, then defendants' no contest pleas admitted all the facts necessary for their conviction and the judgment of the district court must be affirmed.

The defendants were charged with engaging in a combination and conspiracy to divide, allocate, and apportion customers in violation of section 1 of the Sherman Act.[1] The pertinent parts of the indictment that alleged the prerequisite restraint on interstate commerce are as follows:

IV

TRADE AND COMMERCE

8. There are many users of linen supplies in South Florida, including hotels,

---

1. 15 U.S.C.A. § 1, as amended, reads:

Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding one million dollars if a corporation, or, if any other person, one hundred thousand dollars or by imprisonment not exceeding three years, or by both said punishments, in the discretion of the court.

motels, restaurants, barber shops, beauty shops, professional offices, hospitals, governmental agencies and other places of business. In a substantial number of cases, these linen supplies are provided by linen service companies. In 1973, the defendant corporations had gross revenues from linen service business of approximately $11 million in South Florida.

9. Linen service companies in South Florida, including the corporate defendants, regularly receive from manufacturers whose plants are located outside the State of Florida substantial shipments of new linen supplies. Such supplies are ordered in anticipation of the continuing demands of the companies' customers for new and replacement linens. The aggregate out-of-state volume of new linen supplies acquired in this manner by the corporate defendants for use in South Florida approximated $4 million in 1973. Thus, during the period of time covered by this indictment, the aforesaid linen supplies were within the constant and continuous flow of interstate commerce.

## V
## OFFENSE CHARGED

10. Beginning sometime prior to 1964, the exact date being to the grand jurors unknown, and continuing thereafter up to September 1974, the defendants and co-conspirators engaged in a combination and conspiracy in unreasonable restraint of the above-described interstate trade and commerce in violation of Section 1 of the Act of Congress of July 2, 1890, as amended prior to December 21, 1974 (15 U.S.C. § 1), commonly known as the Sherman Act.

11. The aforesaid combination and conspiracy consisted of a continuing agreement, understanding and concert of action among the defendants and co-conspirators, the substantial terms of which were to divide, allocate and apportion customers of the defendant and co-conspirator corporations in South Florida.

.  .  .  .  .

## VI
## EFFECTS

13. The aforesaid combination and conspiracy has had the following effects, among others:

   (a) The flow of linen supplies in interstate commerce has been unreasonably restrained;

   (b) Competition in the linen service industry in South Florida has been restrained;

.  .  .  .  .

■ We hold that these allegations are sufficient to allege a federal offense under both the "flow of commerce" and the "affecting commerce" tests.

■ "Under the 'flow of commerce' test, the question is at what point along the path from manufacturer to consumer the 'flow' might have stopped, thereby rendering any subsequent anti-competitive conduct purely intrastate in nature." *United States v. Cadillac Overall Supply Co.,* 568 F.2d 1078 (5th Cir.), *cert. denied,* —— U.S. ——, 98 S.Ct. 3088, 57 L.Ed. 1133 (1978). The indictment here alleges that the defendants receive linen supplies from out-of-state manufacturers, then states, "[s]uch supplies are ordered in anticipation of the continuing demands of the companies' customers for new and replacement linens." Defendants contend that this statement falls short of alleging a "flow" from manufacturer to consumer because it alleges that the supplies were ordered "in anticipation" of future orders, not in response to prior orders, which means the flow is alleged to end at defendants' warehouses. This interpretation ignores the common sense and plain meaning of the phrase "continuing demands." In context, the quoted sentence alleges a "flow" from manufacturers to defendants to consumers, albeit the goods may temporarily come to rest on defendants' shelves. A temporary pause in transit does not necessarily terminate the interstate journey. *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 569, 63 S.Ct. 332, 87 L.Ed. 460 (1942); *United States v. Cadillac Overall Supply Co., supra.*

Defendants contend that the indictment fails to meet the "affecting commerce" theory because it does not allege delivery to customers, and therefore does not allege interstate commerce upon which their conduct had an effect.  They also argue that the indictment fails to allege a "sufficiently substantial" restraint.  The first argument fails for the reasons set out above.  The second argument is also without merit.  The courts look to the character of the restraint, not the magnitude of the restraint.  *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 785, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1976);  *United States v. Cadillac Overall Supply Co., supra.*

Read as a whole in a common sense fashion, the indictment sufficiently alleges a crime proscribed by the Sherman Act.

AFFIRMED.