# District Court of the Navajo Nation
Judicial District of Window Rock, Arizona

**Navajo Nation, Plaintiff,**

v.

**Johnny Benally Jr., Defendant.**

**Decided January 25, 1989**

## ORDER

Judge Wayne Cadman Sr. presiding

## STATEMENT OF FACTS

The defendant voluntarily entered a plea of "guilty" to the offenses of (1) Theft (as an accomplice) in violation of 17 N.T.C. § 330 and was duly sentenced to serve ninety (90) days in jail and to pay a fine of $250.00, which was suspended to six months probation on January 2, 1988, and (2) Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor in violation of 14 N.T.C. § 456, and was also sentenced to serve ninety days in jail and to pay a fine of $250.00, which was also suspended to six months probation on January 4, 1998.

The defendant further voluntarily entered a plea of "nolo contendere" to the (second) offense of Driving While Under the Influence of Intoxicating Liquor in violation of 14 N.T.C. § 456, and was sentenced to pay a fine of $250.00; and to the offense of Driving Left of Center in violation of 14 N.T.C. § 453, and was sentenced to pay a fine of $25.00; both of August 31, 1998, and while the defendant was still serving his twelve (12) month probationary term from the previous offenses.

The plaintiff then filed a written Motion for an Order Revoking Probation on September 22, 1988 for violating two provisions of the court's "Conditions of Probation and Parole," and an Order to Show Cause was duly issued by the court on September 27, 1988 and setting a hearing date of October 17, 1988. However, the Order to Show Cause was unserved and the date of hearing lapsed. Another Order to Show Cause was issued by the court on November 1, 1988 which set another hearing date of November 14, 1988. Although the defendant was not formally served with the Order to Show Cause, the plaintiff and counsel for defendant stipulated to a continuance of the November 14, 1988 hearing until November 21, 1988, and at which the defendant would voluntarily appear before the court. On November 21, 1988, the defendant through counsel orally moved for dismissal on the basis that the defendant's plea of "nolo contendere" estopped the plaintiff from utilizing it for the purpose of revoking probation and further raised the issue of whether the plea could be interpreted

to have the same effect as a "guilty" plea.

The court then ordered both parties to submit written briefs on the two issues presented before the court. The parties submitted their written briefs on the two issues on November 28, 1998.

## ISSUE #1: CAN THE PLEA OF "NOLO CONTENDERE" BE DEEMED AS HAVING THE SAME EFFECT AS A "GUILTY" PLEA?

Upon reviewing the defendant's brief, it does not adequately address the issues. The brief is primarily concerned with the fact that the plaintiff had failed to prove that the defendant had violated the "Conditions of Probation and Parole." However, the defendant must be made aware that his motion is a preliminary matter and the actual hearing on the revocation has not been held yet. The plaintiff's brief is on point on this issue.

The definition of a "nolo contendere" plea in Latin terms means, "I will not contest it."; a plea in a criminal case which has a similar effect as pleading guilty. *See Black's Law Dictionary*, Fifth Edition, p. 945.

The leading authority in the United States on a plea of nolo contendere is *Hudson v. United States*, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347. Concerning this case, Judge Yankowich said in *United States v. Food and Grocery Bureau of Southern California, D.C.*, 43 F.Supp. 974, 979: "Whatever may have been the mis-impression in the past about this plea, it is now definitely settled by the Supreme Court that it is, in effect, a plea of guilty, warranting the imposition of the maximum punishment provided by law."

In accordance with *United States v. Norris*, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076: "a plea of nolo contendere ... although it does not create an estoppel, it has all the effect of a plea of guilty for the purposes of this case."

The case law tends to treat "nolo contendere" pleas as having the same effect as a guilty plea, and "for the purposes of this case," the court will follow suit and treat such pleas as if it were an admission of guilt.

## ISSUE #2: DOES A PLEA OF NOLO CONTENDERE PROVIDE AN ESTOPPEL TO A MOTION FOR REVOCATION OF PROBATION?

The close analogy which exists between the pleas of nolo contendere and guilty, in their effect in a case in which they are interposed, does not extend to the consequences of the two pleas outside the particular case. *See 21 Am Jur2d 502*.

It cannot be used against the defendant in any civil action for the same act, and it cannot be used against the defendant as an admission of guilt in any other criminal case. *Piassick v. United States*, (CA5 Ga) 253 F2d 658.

In some jurisdictions, a distinction has been drawn between the effect of the nolo contendere plea outside the case and the effect of his conviction on the plea. According to this distinction, although the defendant is not estopped in a civil proceeding from denying the facts to which he pleaded nolo contendere,

his conviction on such a plea may be shown in a later proceeding and subject him to all the consequences of a conviction in the same way as if it were after a plea of guilty or a trial and a verdict of guilty. See *Tseung Chu v. Cornell*, (CA9 Cal) 247 F2d 929, cert. denied 355 U.S. 892, 2 L.Ed2d 190, 78 S.Ct. 265.

The Fifth Circuit Federal Court of Appeals holds that nolo contendere pleas cannot be used against the defendant as an admission of guilt in any other criminal case; and the Ninth Circuit Federal Court of Appeals holds that a conviction on such a plea may be shown in a later proceeding, thus contradicting each other. The District Court by its territorial jurisdiction is bound by the Ninth Circuit Federal Court of Appeals decision in *Tseung Chu v. Cornell*, supra. Therefore the District Court will follow this holding in its decision to use a plea of nolo contendere as an admission of guilt in this case for probation revocation proceedings.

## CONCLUSION AND ORDER

The District Court therefore concludes that for the purposes of this case, that a plea of nolo contendere is treated as having the same effect as a guilty plea; and that the plaintiff is not estopped from pursuing its Motion for Probation Revocation.

IT IS THEREFORE ORDERED that the defendant's Motion to Estop the plaintiff from pursuing its Motion for Probation Revocation is hereby denied.