January 17, 1990

CLERK OF COURT
SUPREME COURT, CNMI
FILED

90 JAN 17 All: 14

BY: _____

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | APPEAL NO. 89-11 SUPERIOR COURT NO. 89-271 |
| Plaintiff/Appellee, | ) ) | |
| vs. | ) ) | OPINION |
| YUTAKA KAWAI, | ) ) | |
| Defendant/Appellant. | ) ) | |

Submitted without oral argument on December 11, 1989.

Counsel for Defendant/Appellant:     William M. Fitzgerald
                                      P.O. Box 909
                                      Saipan, MP 96950

Counsel for Plaintiff/Appellee:      James E. Hollman
                                     Assistant Attorney
                                     General
                                     Commonwealth Government
                                     Saipan, MP 96950

BEFORE: VILLAGOMEZ and BORJA, Justices, and KOSACK, Special
        Judge.

VILLAGOMEZ, Justice:

## STIPULATED FACTS

On January 14, 1989, about 1:00 a.m. the defendant was driving in Garapan when he failed to yield to an oncoming vehicle and his vehicle was struck by the other while it turned

67

left at an intersection. Shortly thereafter an ambulance transported the defendant to the hospital.

Approximately 20 minutes after the collision, and while defendant was at the hospital, Officer Joseph N. Tenorio arrived and observed the defendant. The officer observed that the defendant's breath had an odor of alcohol, his eyes were bloodshot, he was swaying, and his speech was slurred. In addition, the defendant appeared to be off-balance.

An officer took the defendant to the Police Substation in Garapan where defendant submitted to a breathalyzer test at approximately 2:23 a.m. and the test gave a reading of 0.29. The police department uses a breathalyzer instrument (breathalyzer) identified as a "Winchester 2,000" which is designed to be calibrated every 90 days.

Prior to administering the breathalyzer test, Officer Tenorio explained to the defendant the implied consent form and observed him for about 33 minutes before the defendant gave a proper sample into the breathalyzer.

Officer Tenorio was then a duly certified operator of the breathalyzer and he determined that the breathalyzer was in proper working condition at the time of the test.

Sergeant Santiago Tudela was then a duly certified maintenance operator of the same breathalyzer and was responsible for the calibration of the instrument. He kept records of the monthly calibration of the breathalyzer since August, 1984, when the instrument was first put into operation.

Sergeant Tudela calibrated the breathalyzer on December 1, 1988, and again on February 1, 1989, and found it to be functioning properly each time.

## PROCEDURAL BACKGROUND

On July 27, 1989, the defendant appeared in open court with counsel and entered a plea of nolo contendere.[1] The Trial Judge consented to defendant entering such plea after the parties entered into and filed with the Court a _Stipulation of Facts_ which supported the plea of nolo contendere.[2]

Nothing in the record on appeal shows that under Rule 11 the defendant did not understand his constitutional rights, or that he did not knowingly and voluntarily admit his guilt by pleading nolo contendere, or that he was not advised that by pleading nolo contendere, he waived his right to a trial.

Nothing in the record on appeal shows that the defendant, upon pleading nolo contendere, reserved the right to appeal on any specific question of law, such as a failure to charge a crime, lack of jurisdiction, denial of motion, and so forth. Of course, by pleading nolo contendere, the defendant waived his right to a trial and thus, could not reserve to appeal any

---

[1] A plea of nolo contendere in a criminal case has a similar legal effect as pleading guilty. _U.S. v. Norris_, 50 S.Ct. 424, 281 U.S. 619, 74 L.Ed. 1076 (1930).

[2] "A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties...." Rule 11(b) Comm.R.Cr.P.

question of fact. U.S. v. Norris, 50 S.Ct. 424, 281 U.S. 619, 74 L.Ed. 1076 (1930).

The Trial Court adjudged the defendant guilty under, "9 CMC, Driving Under the Influence of Intoxicating Liquor."[3] The Trial Court did not find the defendant guilty specifically under 9 CMC § 7105(a)(1) (BAC) or as a result of a breathalyzer test.

## ISSUE

Upon careful review of the stipulated facts and the procedural aspects of this case, we find absolutely no appealable issue of law, and there cannot be any appealable issue of fact.

## DISCUSSION

The defendant asserts that the issue before this Court is whether the Trial Court erred in finding the defendant guilty of DUI based on the result of the breathalyzer test when there was no evidence presented showing that the breathalyzer was properly maintained and calibrated or that the test was administered properly. He contends that the Trial Court erred

---

[3] 9 CMC § 7105(a) states: "A person shall not drive, operate or be in actual physical control of any vehicle while:

(1) Having a Blood Alcohol Concentration (BAC) of 0.10 or more as measured by a breath or blood test;

(2) Under the influence of alcohol; or

(3) ...."

70

in finding the defendant guilty of DUI based on the result of the breathalyzer test.

The issue that the defendant suggests is before this Court is an issue of fact. That is, whether the facts adequately support the judgment of conviction. That issue cannot be raised on appeal after defendant pleaded nolo contendere.

> ... a plea ... of nolo contendere ... has all the effect of a plea of guilty for the purposes of the case. (Citations omitted.)
>
> . . .
>
> After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record.
>
> . . .
>
> The remedy of the accused, if he thought he had not violated the law, was to withdraw, by leave of court, the plea of nolo contendere, enter one of not guilty, and, upon the issue thus made, submit the facts for determination in the usual and orderly way.

U.S. v. Norris, 50 S.Ct. 424, 281 U.S. 619, 74 L.Ed. 1076 (1930), cited in Lott v. U.S., 81 S.Ct. 1563, 367 U.S. 421, 6 L.Ed.2d 940 (1960). See also U.S. v. Frankfort Distilleries, 65 S.Ct. 661, 324 U.S. 293, 89 L.Ed. 951 (1945).

The defendant admitted his guilt by entering a plea of nolo contendere. That admission is the basis for the Judge's findings and judgment -- not the reading of the breathalyzer test. Furthermore, the defendant is bound by the stipulated facts. Those facts overwhelmingly support the judgment of the trial court. We conclude that there is no issue of fact before this Court.

71

■In order for the defendant to have been able to raise any question of law, after pleading nolo contendere, he had to have reserved such right. See 21 AmJur 2d, Criminal Law, § 498. Our record does not show that the defendant reserved the right to appeal any question of law. Therefore, he waived that right. We conclude that there is no issue of law before this Court.

■We further conclude that this is a frivolous appeal[4] under Rule 38, Comm.R.App.Proc., and this Court may impose a sanction. We cannot find any legitimate reason for the defendant to have brought this case before this Court on appeal under the factual and procedural circumstances as set forth above. The defendant, through counsel, has abused the Commonwealth's appellate judicial process. He has wasted his time, plaintiff's time, and this Court's time. At the same time, he has delayed serving the sentence imposed upon him. Whether that is the reason for this appeal, we do not know. But if it is, then that is another reason that this is a frivolous appeal. Evans v. Brown, 109 U.S. 180, 27 L.Ed. 898, 3 S.Ct. 83 (1883).

The Judgment of the Trial Court is hereby AFFIRMED and a mandate shall be issued by this Court after seven days. The defendant's counsel, William M. Fitzgerald, is hereby ORDERED

---

[4] A frivolous appeal is one in which no justiciable question has been presented and the appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed. Black's Law Dictionary, pg. 601 (5th Ed. 1979).

to pay, as a sanction, the sum of One Thousand Dollars ($1,000.00) to the Clerk of this Court, within ten days after the Mandate is issued. The Clerk of the Supreme Court shall immediately serve counsel with a copy of the Mandate upon issuance. In the event that he fails to make such payment, then the sanction shall increase in the amount of Twenty-Five Dollars ($25.00) per day for every day that the payment is not made.

Dated this __16th__ day of __January__, 1990.

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice

_____
REXFORD C. KOSACK, Special Judge