586 So.2d 449 (1991)
Luther Earl STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3354.
District Court of Appeal of Florida, First District.
September 18, 1991.
*450 Nancy Daniels, Public Defender, Lynn A. Williams, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., for appellee.
KAHN, Judge.
Appellant challenges a final order revoking his probation. He raises three issues, the only one of which we need address being his assertion that a no contest plea does not support revocation and that the absence of other evidence to support the order denied him his right to due process. Upon examination of this contention, we dismiss the appeal.
Section 948.06(1), Florida Statutes provides, in part:
The court, upon the probationer or offender being brought before it, shall advise him of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue other probation or community control or place the probationer into a community control program... . If such violation ... is not admitted ... the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation or community control violation. If such charge is not at that time admitted by the probationer or offender and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or offender an opportunity to be fully heard... . After such hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control. If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control. (e.s.)
Section 948.06(1) does not require formal arraignment with entry of a plea. Rather, the trial court must advise the probationer of the charge and allow the probationer to admit or not admit the truth of the charge.[1] Nothing in § 948.06(1), Florida Statutes, prevents the court from considering a no contest plea to be an admission of the violations. In Vinson v. State, 345 So.2d 711, 715 (Fla. 1977), the Supreme Court explained that a plea of nolo contendere (or no contest) admits the facts for the purpose of the pending prosecution and to that extent has the same effect as a plea of guilty *451 insofar as it gives the court the power to punish. Citing United States v. Norris, 281 U.S. 619, 622, 50 S.Ct. 424, 425, 74 L.Ed. 1076 (1930), the court stated:
In the face of an indictment good in form and substance, and of a plea thereto of nolo contendere, which, although it does not create an estoppel, has all the effect of a plea of guilty for the purposes of the case, the stipulation was ineffective to import an issue as to the sufficiency of the indictment, or an issue of fact upon the question of guilt or innocence... . After the plea, nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record... . The court was no longer concerned with the question of guilt, but only with the character and extent of the punishment. Id. at 716.
In the case at bar, appellant's probation officer filed a seven count affidavit for violation of probation, listing the conditions of probation violated and the way in which appellant violated the conditions. Appellant's attorney expressly stated: "Your Honor, Mr. Stewart pleads no contest to the allegations in the affidavit for violation of probation." By pleading no contest, appellant admitted the facts in the affidavit. See Vinson; Vernold v. State, 376 So.2d 1166 (Fla. 1979) (plea of nolo contendere admits the facts alleged in the information).
The procedure below did not deny appellant his due process rights as he now argues. The trial court fully complied with the requirements of § 948.06(1), Florida Statutes. Having determined that appellant admitted the allegations in the affidavit, the court had no reason to require a further evidentiary showing. Based on the admission, the trial court properly went on to the issue of sentencing pursuant to the clear terms of the statute.
Appellant's counsel never attempted to withdraw the no contest plea nor did he object to any alleged insufficiency of evidence. As a result of appellant's failure to preserve the issue for appeal, this court has nothing before it on which to rule. See Fla.R.App.P. 9.140(b)(1) ("A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved."); Robinson v. State, 373 So.2d 898 (Fla. 1979) (setting forth issues which may be raised on direct appeal from a nolo plea in the absence of an express reservation of the right to appeal); Hughes v. State, 565 So.2d 354, 355 (Fla. 1st DCA 1990) ("[M]any appeals from judgments and sentences entered upon pleas of guilty and nolo contendere without reservation do not present any justiciable issues and are subject to dismissal."); Johnson v. State, 479 So.2d 162 (Fla. 2d DCA 1985) (appellant's failure to move to withdraw his pleas prior to appeal precluded appellate review of pleas). Accordingly, we dismiss the instant appeal.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] The Florida Rules of Criminal Procedure parallel the statutory provision. Fla.R.Crim.P. 3.790(b).