SHIVERS, Senior Judge.
Gregory Edward Roberts has appealed from sentence imposed after revocation of probation. We affirm.
In October 1990, Roberts was charged with one count each of grand theft and uttering (both 3d-degree felonies) in each of seven informations. In January 1991, the court imposed concurrent 5-year probationary terms. After Roberts pled nolo contendere in May 1992 to violating his probation, the court reinstated the concurrent 5-year probationary terms, conditioned on serving the first year on community control. An affidavit of violation of probation, filed on August 12, 1992, alleged that Roberts had left his approved residence without permission; a warrant issued on the same date. Roberts was arrested approximately one year later and, on August 26, 1993, admitted the charged violation. The trial court revoked his probation, and imposed concurrent 364-day county jail terms.
Roberts’ counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that he can make no good faith argument for reversal. He candidly points out that, once Roberts admitted the charged violation, the trial court had the duty only to revoke probation and impose sentence. See Stewart v. State, 586 So.2d 449 (Fla. 1st DCA 1991).
In order to assure indigent defendants fair and meaningful appellate review, the appellate court must, in Anders appeals, examine the record to the extent necessary to discover any errors apparent on the face of the record. State v. Causey, 503 So.2d 321, 322 (Fla.1987). Our examination of the record herein reveals no such errors. We therefore affirm.
KAHN and BENTON, JJ., concur.