UNITED STATES of America,
Plaintiff,

v.

George Nicholas WILSON,
et al., Defendants.

No. LR–CR–99–61.

United States District Court,
E.D. Arkansas,
Western Division.

Sept. 8, 1999.

Paula Casey, United States Attorney, by Michael D. Johnson, Assistant United States Attorney, Little Rock, AR, for United States.

Bill H. Walmsley, Walmsley & Weaver, Batesville, AR, John R. Elrod, Conner & Winters, P.L.L.C., Fayetteville, AR, John C. Everett, Everett Law Firm, Fayetteville, AR, for George Nicholas "Nick" Wilson.

Jeffrey M. Rosenzweiz, Little Rock, AR, for Murrey L. Grider.

Timothy O. Dudley, Little Rock, AR, for Michael R. Bearden.

Patrick R. James, Perroni & James, Little Rock, AR, for Michael Todd.

Jack T. Lassiter, Hatfield & Lassiter, Little Rock, AR, for Steve Bell.

Charles S. Banks, Armstrong, Allen, Prewett, Gentry, Johnston & Holmes, Little Rock, AR, for Mona Mizell.

Dale E. Adams, Montgomery, Adams & Wyatt, PLC, Little Rock, AR, for M. Joseph "Joe" Grider.

Robert C. Compton, Compton, Prewett, Thomas & Hickley, El Dorado, AR, for Tommy Roger Venters.

Rita S. Looney, Little Rock, AR, for William Charles "Bill" Thomas.

Warner H. Taylor, Mashburn, Taylor, Smith, Brooks, Harper & Putman, Fayetteville, AR, for Burton Lamar Elliot.

### ORDER

GEORGE HOWARD, Jr., District Judge.

Defendants are charged in a 136 count Superseding Indictment alleging racketeering, conspiracy, mail fraud, obstruction of justice, money laundering, and tax evasion. Defendants have moved to sever and to dismiss certain counts. The Court will address both the motions to dismiss the RICO Count and the motions to sever, as a determination of the motion to sever is dependent on the Court's ruling on the motion to dismiss the RICO count.[1]

---

1. A number of defendants have written the Court requesting oral argument. The Court has reviewed the record and determines that oral argument is not necessary.

*Motions to Dismiss RICO Count or Alternative Motions for Bill of Particulars*

■ To establish a violation of RICO, the government must prove the existence of an enterprise affecting interstate or foreign commerce; that the defendants associated with the enterprise; and the defendants participated directly or indirectly in the conduct of the affairs of the enterprise through a pattern of racketeering activity by committing at least two racketeering (or predicate) acts. *United States v. Keltner* 147 F.3d 662, 668 (8th Cir.1998). Defendants contend, *inter alia,* that the government has failed to sufficiently allege (1) an enterprise, (2) that the enterprise affected interstate or foreign commerce, and (3) a "pattern of racketeering." That is, defendants contend that the alleged episodes do not constitute a pattern, but are separate, distinct and unrelated acts. They argue that the only common reference point between the different schemes alleged is the presence of defendant Wilson.

With respect to the RICO count, the Indictment charges that defendant Nick Wilson was the leader of the enterprise consisting of the Arkansas General Assembly, Wilson (a state senator), Multi Services, Inc., (a corporation established at Wilson's direction), Greta Blankenship (the secretary and associate of Wilson, and the Law office of Nick Wilson). The purpose of the enterprise was alleged to secure economic benefits for its members through the individuals or one or more of the associated entities and was alleged to be accomplished by mail fraud to obtain child support enforcement funds, attorney ad litem grant funds, funds based on the Arkansas School Board Association (ASBA) hiring Sedgwick James as its claim management service for workers' compensation claims, and payments from attorneys for work they did on workers' compensation cases on behalf of ASBA. The Indictment further alleges that an additional purpose of the enterprise was to use and corrupt the legislative process of the Arkansas General Assembly.

The ten defendants, along with others, are alleged to have been associated with the enterprise, directly or indirectly and participated in a pattern of racketeering activity. The pattern of racketeering activity is described above, and includes 119 racketeering acts.

■ An Indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he or she must defend, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Matlock,* 675 F.2d 981 (8th Cir. 1982). "Indictments are normally sufficient unless no reasonable construction can be said to charge the offense." *United States v. Peterson,* 867 F.2d 1110, 1114 (8th Cir.1989).

An attack on the sufficiency of a RICO charge similar to that made by defendants here was rejected by the 8th Circuit in *United States v. Nabors,* 45 F.3d 238 (8th Cir.1995). The court noted that in a criminal case the government had no duty to reveal all of its proof before trial. The burden is on the government *to prove at trial* that the alleged acts amount to more than "sporadic crime." "That proof, however, need not be offered until trial.... The same is true of the question of whether the enterprise is 'distinct from the alleged pattern of racketeering activity.'" *Id.* at 241.

■ The Indictment in this case is sufficient. It sets forth the enterprise, the purpose of the enterprise, and the predicate acts. It alleges that the defendants were employed or were associated with the enterprise, that they participated directly or indirectly in the conduct of the affairs of the enterprise through a pattern of racketeering activity described in the 119 racketeering acts. The allegations are in sufficient detail to enable the defendants to plead an acquittal or conviction in bar of future prosecution for the same offense. Nothing more is required of the indict-

ment. The Court, therefore, finds that the motion to dismiss Count I of the Indictment should be denied.

In the alternative defendants have filed motions for a bill of particulars. The government states that it will provide the identity of the known co-conspirators. The government also states that it will provide the names of attorneys A, B, C, and D and the name of the person in Count 13, the obstruction of justice count, as well as the names of individuals referred to as "salaried employees." The government objects to the additional requests for a bill of particulars on the basis that the defendants are attempting to use the bill of particulars for discovery.

 The primary purpose of a bill of particulars is to inform a defendant of the nature of the charges against him or her and to prevent or minimize the element of surprise at trial. It is not a proper tool for discovery and is not to be used to provide detailed disclosure of the government's evidence at trial. *United States v. Wessels,* 12 F.3d 746, 750 (8th Cir.1993) (citations omitted). Here, the indictment fairly informs the defendants of the charges against which they must defend and alleges sufficient information to allow the defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. The government has provided defendants with substantial discovery. Thus, the Court finds that a bill of particulars is not warranted

*Motion for Severance*

 Defendants have also filed motions for severance pursuant to Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure. Offenses may be joined under Fed. R.Crim.P. 8(a) if they are of the same or similar character, or are based on the same act or transaction, or on different acts or transactions which are part of a "common scheme or plan." Under Fed. R.Crim.P. 8(b), defendants may be joined "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting

an offense." "[N]ot every defendant joined must have participated in every offense charged." *United States v. Delpit,* 94 F.3d 1134, 1143 (8th Cir.1996). Defendants charged with unrelated crimes may be joined under RICO if each crime is shown to have furthered the same criminal enterprise. "The United States has a strong interest in the joint trial of the members of a criminal enterprise. Such trials save time and money for the courts, prosecutors, and witnesses. Most importantly, however, justice is best served by trying the members of a racketeering enterprise together because a joint trial 'gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome.'" *United States v. Darden,* 70 F.3d 1507, 1526–27 (8th Cir.1995) (citation omitted) (joinder of defendants and various RICO offenses stemming from drug trafficking enterprise proper, even though not all defendants participated in all predicate acts, because all defendants responsible for actions of co-defendants in furtherance of RICO enterprise).

 Here, joinder of the predicate acts underlying the RICO offense is proper. All defendants are charged in Count I with a RICO violation, and thus all of the defendants are alleged to have participated in the "same series of acts or transactions." Furthermore, defendants have failed to show that they would prejudiced in any way by the joinder. Thus, the Court finds that the defendants and offenses alleged in Counts 1 through 133 are properly joined.

The Court notes that the tax evasion charges in Counts 134–136 are not predicate acts under the RICO count. Defendants Murrey Grider and Wilson are charged in those three counts. Count 134 charges Murrey Grider and Wilson with tax evasion conspiracy and Counts 135 and 136 charge Murrey Grider and Wilson with tax evasion. The charges arise out of a real estate transaction whereby defendants are alleged to cause brokerage commissions Wilson was to receive to be paid in

the name of a corporation owned by Grider. The purpose of the conspiracy was to misrepresent the commission as income earned by the corporation rather than Wilson.

The Court has considered whether those acts are properly joined with the other offenses under Rule 8. Courts have determined that Rule 8(a) applies to single defendants who are challenging the joinder of offenses against them at a single trial, whereas 8(b) applies to all multiple defendant situations. *United States v. Southwest Bus Sales, Inc.*, 20 F.3d 1449, 1453–54 (8th Cir.1994) (in situations involving multiple defendants, 8(b) remains appropriate vehicle to challenge joinder of offenses or defendants).

■ The Court finds that the tax evasion charges are improperly joined. Although they occur around the same time as the other acts alleged in the Indictment, they do not arise from the same transactions and are not part of the enterprise or scheme comprising the RICO count. *See United States v. Sazenski*, 833 F.2d 741, 745 (8th Cir.1987) (joinder under 8(b) requires that the offenses charged must be part of one overall scheme); *United States v. LaBrunerie*, 900 F.Supp. 1174, 1177 (W.D.Mo.1995). The purpose of the tax evasion conspiracy is unrelated to that of the RICO enterprise or child support conspiracy. The facts underlying the tax evasion counts are not closely connected to the proof to be offered on the other counts. Indeed, while focusing on the RICO count the government fails to address why joinder of the tax evasion charges is appropriate in this instance.[2] Thus, the Court will sever the Counts 134 through 136.

■ Even though joinder is proper under Rule 8, the Court may order sever-ance under Rule 14. Thus, the Court must also determine whether any of the remaining counts or any of the defendants should be severed under Rule 14. There is a strong presumption against severing properly joined cases. Defendants must demonstrate "real prejudice" by being tried together. Although defendants speculate that incriminating evidence against other defendants may "spill over" and impermissibly prejudice them, they have not established that the jurors would not be able to follow the court's instructions and "compartmentalize the evidence" as it relates to the individual defendants. *See United States v. Jones*, 880 F.2d 55, 62 (8th Cir. 1989). Thus, the Court finds that severance of the remaining counts or defendants is not warranted under Rule 14.

*Motions for Continuance and for Extension of Time to File Pretrial Motions* (documents no. 213),

Defendants have filed motions to continue the trial and for extension of time to file pretrial motions. Defendants ask that the trial be continued until some time in the first quarter of 2000, and that they have until sixty days before trial to file pretrial motions. The government does not oppose the continuance but objects to the extension of time requested to file pretrial motions.

The Court has severed Counts 134 through 136 and the trial on those Counts will be continued to October 25, 1999, at 9:30 a.m. Pretrial motions shall be filed by September 27, 1999. The trial on Counts 1 through 133 is continued to February 28, 2000, at 9:30 a.m. Pretrial motions shall be filed November 29, 1999.

---

**2.** In its brief in response to the Motions to Dismiss and for Severance, the government states:

All of the motions for severance either ignore the RICO count of the indictment or are premised upon the dismissal of that count. Yet the RICO count is the offense the defendants are alleged to have commit-ted. The RICO count cannot be ignored in assessing severance as though it did not exist. The underlying substantive criminal acts charged are also charged as RICO predicates which were committed to further the goals of the enterprise. Severance is therefore inappropriate under the circumstances. (pp. 6–7).

■ The Court finds that the failure to grant a continuance would deny defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits under the Speedy Trial Act. The Court also finds that the ends of justice in granting a continuance outweigh the best interest of the public and defendants in a speedy trial. The period of delays resulting from the continuances are excluded pursuant to 18 U.S.C. § 3161(h)(8)(A) as to those who have requested a continuance and § 3161(h)(7) as to the co-defendants.

*Motions for Individual Voir Dire and Additional Peremptory Challenges*

Defendants ask for individual voir dire concerning pre-trial publicity. Also, they each ask for five additional peremptory challenges. The Court will grant defendants' request for individual voir dire concerning pre-trial publicity. The Court will reserve ruling on the request for additional peremptory challenges until closer to trial.

Accordingly, the motions for continuance and for extension of time to file pretrial motions (document nos. 176, 213, 219, 223, 224, 225, 228, 250) are granted in part and denied in part; the motions for severance (document nos. 25, 110, 125, 130, 139, 194, 214, 222, 229) are granted in part and denied in part; the motions to dismiss Count I of the Indictment (document nos. 222, 235) are denied; the motions for bill of particulars (document nos. 27, 69, 89, 108, 128, 134, 187, 220, 237) are denied; the motions for individual voir dire concerning pre-trial publicity (document nos. 35, 73, 86, 115, 145, 239) are granted; the government's motion to enlarge time to respond to defendants' motions (document no. 246) is denied as moot; Wilson's motion for Rule 12(d) notice (document no. 240) is denied as moot; Murrey Grider's motion to adopt Wilson's motion to dismiss Count I (document no. 218) is denied as moot as Grider has filed his own motion;

Murrey Grider's motion for disclosure of specific impeachment and exculpatory information (document no. 221) is granted to the extent set forth in the July 1, 1999 Order; Todd's motion to adopt Joe Grider's motion for equal access to government information (document no. 254) is denied as moot (see July 1, 1999 Order); Joe Grider's motion to adopt (document no. 241) is granted; the motions of Venters and Thomas to adopt (document nos. 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 226, 227, 231, 232, 233,) are granted and the Court adopts its rulings with regard to Venters and Thomas.